Decided at PENDLETON July 31, 1897.

## HOUSER v. UMATILLA COUNTY.
### (49 Pac. 867.)

SHERIFF'S FEES—EXPENSES OF TRAVEL—SALARY.—Under the language and intent of the act of 1895 fixing the compensation of sheriffs and other county officers (Laws 1895, p. 77), a sheriff cannot claim from the county the expenses of travel within his jurisdiction while serving processes of the state in criminal cases.

From Umatilla: STEPHEN A. LOWELL, Judge.

This is a proceeding by a writ of review to determine the propriety of a certain claim filed by the sheriff against Umatilla County for expenses incurred while serving within such county grand jury subpoenas and other criminal processes on behalf of the public prosecutor. The bill is composed entirely of such items as "Railroad fare to Umatilla and return, $3.45; team hire at Milton, $3.00; hotel bill, $1.00; railroad fare of officer and prisoner, $3.00." The County Court refused to audit or allow any such items, but the Circuit Court reversed the ruling, and the county brings the case here.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. Henry J. Bean*, District Attorney.

For respondent there was a brief over the name of *Carter & Raley*, with an oral argument by *Mr. James H. Raley*.

Opinion by MR. CHIEF JUSTICE MOORE.

This is a special proceeding by Zoeth Houser to review the action of the County Court of Umatilla County in the matter of its refusal to allow his claim, amounting to the

sum of $35.75, for money expended on account of railway fares, livery hire and hotel bills while in the performance of his official duties within said county as the sheriff thereof. The trial court having found, from the return to the writ, that the claim was a just charge against the county, reversed the action of the County Court, and remanded the proceedings with directions to audit and allow the said claim, from which judgment the defendant appeals to this court.

Counsel for the defendant contend that, the legislative assembly having provided an annual salary for the sheriff, the expenses constituting his claim are covered thereby; while counsel for the plaintiff insist that such salary is intended to compensate him for personal services only, and that it is the duty of the County Court to repay the expenses incurred while serving criminal process and similar writs within said county. It is admitted that the claim presented correctly represents the amount paid out by the sheriff while in the performance of his official duties in behalf of and within Umatilla County, and the question presented for consideration is whether the County Court has authority to audit and allow the demand. If such authority exists, it must be deducible from a construction of the act of the legislative assembly approved February 25, 1895 (Laws 1895, p. 77). Section 4 thereof provides that "The sheriffs of the several counties in this State shall receive an annual salary as follows:  *   *   *  Umatilla, $2,500.00." Section 5 is as follows: "The salaries herein provided for in favor of the said county clerks, recorders of conveyances, clerks of the Circuit and County Courts and sheriffs, shall be audited and paid by the several counties to the respective parties entitled thereto, in monthly payments, and in the same manner that other county charges are paid; and no one of such officials shall be entitled to receive any fees or other compensation for his

services than as above provided, and except as hereinafter provided, except for furnishing to private parties copies of the records and files in his office for their benefit and convenience, in which case he shall be entitled to charge such private parties therefor at the rate of ten cents a folio, but shall not be entitled to anything for authenticating such copies, beyond including the number of words contained in the certificate of authentication in his computation of the number of folios." So much of section 6 as is applicable to the case at bar is as follows: "The sheriffs of the several counties in the State shall be entitled to receive the same compensation now allowed by law for the board and keeping of prisoners confined in the county jail of his county; he shall also be entitled to demand and receive to his own use any reward offered in pursuance of law for the apprehension of any person charged with or suspected of crime, when he has earned the same by a compliance with such offer; and to receive from the State the fees now allowed by law for transporting and conveying convicts to the State penitentiary and insane or idiotic persons to the State asylum, when conveyed by him in pursuance of the adjudication of an authorized tribunal of the State. Sheriffs shall also be entitled to claim from the plaintiff or moving party in any account, action, or proceeding such reasonable sums of money as they may have been compelled to pay or incur on the account of the care of property in their custody under attachment, execution, or proceedings for the claim and delivery of personal property. When sheriffs are required to travel in another county or state to make arrests or receive a prisoner already in custody, he shall receive, upon filing with the county clerk an expense account duly rendered, his actual and necessary expense incurred in making such arrest and in retaining such prisoner, to be audited in like manner as other claims against the county."

The point contended for by counsel for the plaintiff is that the language of section 5, supra, to the effect that no sheriff shall be entitled to receive any fees or other compensation for his services, etc., is a declaration that such officer is to be paid the sum awarded by the act in question for his time and personal services in the discharge of his official duties, but that it is susceptible of the construction that when he is obliged to travel from the county seat in the service of process on behalf of and within his county, the expenses thereby incurred are to be charged to and paid by the county, and, the statute not having made provision for the payment of these expenses, it is incumbent upon the County Court to reimburse him therefor:  Section 2356, Hill's Code.  It must be admitted that the legislative assembly possesses plenary authority to prescribe the compensation of the various county officers of the State, and to regulate the time, mode, and manner of its payment;  but the rule is inflexible that the right of an officer to demand expenses incurred by him in the performance of official duty must be found in the statute conferring it, either directly or by necessary inference:  *Jackson* v. *Siglin,* 10 Or. 93; *Pugh* v. *Good,* 19 Or. 85 (23 Pac. 827).  "The word 'salary,' as used in the statute," says SCHOLFIELD, J., in defining the term under an act similar to the one in question, "clearly applies to the personal compensation provided to be paid to the sheriff for his own services": *Marion County* v. *Lear,* 108 Ill. 343. To the same effect see *Briscoe* v. *Clark County,* 95 Ill. 309. The word "salary," as used in the statute under consideration, doubtless means the compensation prescribed to be paid to a public officer for the personal discharge of the duty enjoined upon him by law.  If this definition be correct, it might seem to follow that an incumbent of a public office, whose salary is prescribed by the statute, is under no legal obligation to pay the expenses incident to the

performance of his official duty, but, having done so, the claim would be a charge against the county, which the County Court should audit and allow; but if we assume this to be the rule of interpretation, is not its application modified and limited by the other provisions of the statute, which must be construed in pari materia? It is claimed, however, by counsel for the defendant, that the provision contained in section 6, that "When sheriffs are required to travel in another county or state to make an arrest or receive a prisoner already in custody, he shall receive, upon filing with the county clerk an expense account duly rendered, his actual and necessary expense incurred in making such arrest, and in returning such prisoner, to be audited in like manner as other claims against the county," is an implied prohibition against the allowance of any expenses incurred in consequence of travel imposed upon the sheriff in the performance of any official duty in his own county, and that, construing this provision with the other portions of the statute, it is very evident that the legislative assembly never intended that the sheriff should receive any compensation for his personal expenses, except when necessarily compelled to travel in territory outside his own county. "Exceptions," says Judge Sutherland, in his valuable work on Statutory Construction, § 328, "strengthen the force of a general law, and enumeration weakens it, as to things not expressed." In *Parsons* v. *Waukesha County,* 83 Wis. 288 (53 N. W. 507), the county board of said county, prior to plaintiff's election as sheriff, but, pursuant to the provisions of the statute of Wisconsin, changed the compensation of that officer from a fee-bill system to a salary of $2,500 per annum, in lieu of all fees and compensation which might have been charged under the former method. The plaintiff, having presented to the board of supervisors a bill for livery expenses incurred in serving subpoenas upon wit-

nesses for the state in criminal cases in said county, and similar services, the claim was rejected, whereupon an action was instituted, for the recovery of the amount demanded, and, judgment having been rendered against the plaintiff, upon appeal therefrom PINNEY, J., in rendering the decision of the court, says: "The object of the statute, and of the action of the county board under it, was to give a gross sum in lieu of specific fees, but not to open the door for the sheriff to make charges against the county not theretofore authorized or allowed by law. This construction is strengthened by the exception from the effect of the law and resolution under it of 'compensation for keeping and maintaining prisoners in the common jail.' The law having made no other exception, the court can make none. * * * The salary provided, of $2,500, is in lieu of such fees or charges, as well as all others, with the exception mentioned in chapter 53, Laws 1881, and no other exception can be allowed. The appellant having taken office while the resolution was in force, must be content to bear the burdens while receiving the benefits arising under it. It is plain that he has no claim against the county for any of the items demanded." It is true that the statute referred to in that case (Laws Wisconsin 1881, p. 55) provides that the salary, when fixed by the board of supervisors, should be in lieu of all fees and compensation for the sheriff, etc., for which service the county was then liable, "except compensation for keeping and maintaining prisoners in the common jail"; and it is very properly held that, as the county, prior to the change in the system, was not liable for the expenses of the sheriff incurred in the service of process, so, under the language of the act, it would not be subject to such charges after the change, and the case is here cited only to illustrate the rule that "enumerations weaken the force of the general law as to things not expressed."

It is nowhere provided in the act of February 25, 1895, that a sheriff shall be allowed, in addition to his salary, any expense incurred for traveling in his own county, and, unless this liability is necessarily inferred from the language of the statute, the County Court is without authority to reimburse him for such outlay. It is claimed, however, that if the plaintiff is obliged to defray his necessary traveling expenses while in the performance of his official duties, it will exhaust the amount awarded him as salary; and, as it must be presumed that the legislative assembly intended that county officers should receive a fair compensation for their services, the statute should receive such a construction as would carry into effect the legislative intention. It may be assumed that the legislative assembly intended by the act in question to award reasonable compensation to the county officers for the discharge of their respective duties, but it must be admitted that there are some inequalities in the amount appropriated as salary to the sheriffs of the several counties, some not being adequately compensated, and the amount prescribed for this officer in Umatilla County doubtless comes within this latter class. Such being the case, if the statute receives the construction invoked, while it would fairly compensate a few officers for their services, in all other cases it would greatly augment the fair compensation the sheriffs of all other counties are now receiving, and, in view of the consequences which must necessarily follow such an interpretation of the statute, it would seem that the remedy for the correction of the error complained of was to be found by application to the legislative assembly for an increase in the salary prescribed.

Counsel for plaintiff, in support of the construction sought, rely upon the rule announced by the Supreme Court of Illinois, from which it appears that the constitution of that state authorizes county boards to fix the com-

pensation of all county officers, with the amount of their necessary clerk hire, stationery, fuel, "and other expenses," and in all cases where fees are provided for, said compensation shall be paid only out of, and shall in no instance exceed, the fees actually collected. Salaries only having been prescribed under this provision of the constitution, a sheriff whose compensation had been thus fixed by a county board presented his claim for expenses incurred in the performance of official duties, and, in *Wheelock* v. *People*, 84 Ill. 555, the court, in discussing the question, say: "Should the construction insisted upon be adopted, that the $1,500 appropriated to the sheriff as 'compensation' also includes allowances for necessary expenses of the office, then, according to the averments in the seventh plea, admitted by the demurrer to be true, the sheriff would not only receive no compensation for his personal services, but would be a heavy loser by having accepted and performed the duties of the office. That, certainly, was not the intention of the county board, and we are unwilling to give any such unreasonable construction to the order of December 5, 1872, in relation to the sheriff's compensation, as would work such palpable injustice." It will be observed that the constitution provided that county boards might make provision for "other expenses," and, such being the case, the court very properly held that where salary only had been prescribed, the officer was entitled to his expenses in addition thereto; but it will be seen that our statute contains no such provision, in the absence of which we conclude the salary prescribed was intended to cover all expenses except such as are enumerated in the act in question. It follows that the judgment is reversed, and the writ dismissed.

Reversed.