Argued July 5, affirmed August 1, 1916.

## BERRIDGE *v.* MARION COUNTY.

(159 Pac. 628.)

**Counties—Audit of Books—Powers of Insurance Commissioner—Time of Audit.**

1. Under Laws of 1913, page 546, Section 10, providing that the insurance commissioner shall at least once each year make a careful audit of books of each county, such officer is not restricted to making examination for an entire year.

**Certiorari—Scope of Writ—Questions of Law.**

2. A writ of review is an appropriate proceeding to present questions of law arising in relation to a disputed claim against the county after it has been presented and disallowed.

**Certiorari—Scope of Review—Record—Evidence.**

3.   On re-examination on writ of review, the court will not consider evidence outside the record, unless it was submitted to the inferior tribunal prior to its decision.

**Certiorari—Scope of Writ—Questions of Law.**

4.   The question of law whether the state insurance commissioner may contract for audit of county books without assurance that county will pay therefor, so as to render the county liable for the expense, in view of Laws of 1913, page 545, as to audits, may properly be raised by writ of review directed to the order of the County Court disallowing the claim.

   [As to persons entitled to prosecute writ of *certiorari*, see note in 103 Am. St. Rep. 110.]

From Marion: WILLIAM GALLOWAY, Judge.

Department 2.   Statement by MR. JUSTICE BEAN.

This is a proceeding by Arthur Berridge against Marion County, County Court of the State of Oregon for Marion County, and Max Gehlhar, clerk of said court, by a writ of review to re-examine the action of the County Court of Marion County in disallowing the claim of plaintiff for auditing the books and accounts of that county amounting to $1,523.11.   Upon the return to the writ the trial court dismissed the proceeding.   Plaintiff appeals.                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Samuel T. Richardson.*

For respondents there was a brief over the names of *Mr. George G. Bingham* and *Mr. Ernest R. Ringo,* District Attorney, with an oral argument by *Mr. Bingham.*

MR. JUSTICE BEAN delivered the opinion of the court.

Plaintiff submitted to the County Court the following claim:

Portland, Oregon, Nov. 30, 1914.
Marion County, Oregon, to Arthur Berridge & Co., Dr.

| Date. | Nature of Claim. | | Amount. |
|---|---|---|---|
| For auditing county books from Jan. 1, 1914, to Sept. 30, 1914 ..................................................$1,523 11 | | | |

Details as follows:

Time:

| | | |
|---|---|---|
| L. E. Thompson 55 days at............$10 00 | $ 550 00 | |
| Harry Stopp 59 days at.............. 10 00 | 590 00 | |
| E. H. Collis 11½ days at............. 10 00 | 115 00 | |
| Arthur Berridge 6½ days at.......... 10 00 | 65 00 | |
| | $1,320 00 | |

Subsistence:

| | | |
|---|---|---|
| Thompson .......................... 60 00 | | |
| Stopp .............................. 65 00 | | |
| Collis ............................. 18 20 | | |
| Berridge .......................... 7 85 | $ 151 05 | |

Transportation:

| | | |
|---|---|---|
| Thompson .......................... 3 00 | | |
| Stopp .............................. 3 00 | | |
| Collis ............................. 13 00 | | |
| Berridge .......................... 7 10 | 26 20 | |

| | | |
|---|---|---|
| Typewriting reports, etc................ | 25 86 | |
| | $1,523 11 | |

This claim was duly verified, and the same certified to by the state insurance commissioner. It is alleged in the petition for the writ that on September 12, 1914, under the provisions of Chapter 286 of the General Laws of 1913, the state insurance commissioner employed the plaintiff as an expert assistant to make an audit for him of the books and accounts of Marion County for the year 1914, and "agreed to and fixed your petitioner's services therefor at $10 per day therefor, with railroad fare and subsistence for your petitioner and assistants that your petitioner might require to assist your petitioner in said work, together with the expense of making typewritten reports in triplicate of said auditing. That the said wages so agreed were reasonable in amount and of the amount that is usually charged and paid to persons having the qualifications of your petitioner and of the persons

employed by your petitioner to audit the said books and accounts of said county of Marion.''

It appears that the plaintiff was occupied for six and one-half days in making the audit, and employed other assistants to expert the books. The record does not disclose that the claim is made for an audit of the county accounts by the state insurance commissioner. It seems that the only connection that official had with the transaction was to employ plaintiff and make an agreement as to his compensation and that of his assistants, and that by virtue of this delegation of authority the plaintiff in turn engaged other experts, for what compensation is not stated. The commissioner also certified the account rendered by the plaintiff, but it does not appear that the commissioner was responsible in any way for the audit or vouched for the same. On the other hand, as shown by the return, that officer advised the County Court as follows:

''In connection with the inclosed claim for services rendered by Arthur Berridge & Co. in the matter of the examination of the accounts and financial affairs of Marion County, I advise that there was no definite arrangement made whereby they were to be paid for the subsistence of the men engaged upon the work. Railroad fare was to be allowed from Portland to county seat and return but once. It was understood that we would approve the subsistence expenses if it met with the approval of the County Court and the cost of the work was within reason. In this case it appears that more time was spent in detail work than was necessary, and, as the cost of the actual service is high, I do not recommend that subsistence expenses be allowed them. * * ''

1. The County Court evidently had before it the report of the experts showing for what years or period and by whom the county affairs were audited. That report is not before us. The claim as presented by

the record is not made for an official service under the provisions of Sections 10 and 11 of the act of 1913 in making an audit by the state insurance commissioner of the books and accounts of the county. It is contended on behalf of defendants that the insurance commissioner was not authorized to make an audit of the county books for a portion of the year, or oftener than one a year. The language employed in Section 10 of the law that "the state insurance commissioner shall at least once each year make a careful audit of the books and accounts of * * each county of the state," indicates that such official is not restricted to making such an examination for an entire year. The contract set forth in the petition by virtue of which the claim is made against the county was not authorized by the law of 1913, nor by any official of the county. This case is governed by the ruling in the companion case of *MacKenzie* v. *Douglas County, post,* p. 442 (159 Pac. 625), in which an opinion has this day been rendered, and the remarks made therein in considering the law of 1913 need not be repeated here.

2–4. Defendants' counsel suggest that plaintiff's remedy, if any, is by an action at law. A writ of review is an appropriate proceeding to present questions of law arising in relation to a disputed claim against a county after the same has been presented and disallowed: *Flagg* v. *Columbia County,* 51 Or. 172 (94 Pac. 184); *Houser* v. *Umatilla County,* 30 Or. 486 (49 Pac. 867.) On re-examination on writ of review the court will not consider evidence outside the record, unless it was submitted to the inferior tribunal prior to its decision: *Curran* v. *State,* 53 Or. 154 (99 Pac. 420). We hold that the question of law involved herein is properly raised in this proceeding.

For the reason given in the Douglas County Case, the judgment of the lower court is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE HARRIS concur.