[Filed April 7, 1890. ]

JACOB B. SPAUR, Appellant, *v.* JOHN T. McBEE, Respondent.

Practice—Statute of Limitations—Demurrer.—Where it is apparent on the face of a complaint that the action was not commenced within the time limited by the Code under subdivision 7 of section 67, Hill's Code, the objection must be taken by demurrer, and under section 71, if not so taken, it is waived and cannot be taken by answer. Under that section it is only where the objection does *not* appear on the face of the complaint that the same is to be taken by answer. *Hill* v. *Cooper*, 6 Or. 182, approved and followed; *and held further*, that the amendment to section 382, Hill's Code, made in 1878, has not impaired the authority of said case or rendered the same inapplicable.

Equitable Defense of Ejectment at Law.—A defendant sued in ejectment might under that amendment use his equitable title defensively in an action at law, but he could use it for no other purpose. A court of law under that provision cannot administer complete relief in favor of such equitable owner by decreeing specific performance when proper or necessary. In such case a judgment at law does not estop or preclude the party against whom it is rendered from demanding of the defendant, in a separate suit in equity brought for that purpose, a conveyance of the legal title, where the same was acquired by the defendant with notice of the plaintiff's equitable rights.

Appeal from Douglas county: R. S. Bean, judge.

This is a suit in equity to enjoin the enforcement of a judgment in an action of ejectment and to require the

present defendant to convey to the plaintiff the real prop-
erty in controversy.   The defendant had a decree in his
favor in the court below, from which this appeal is taken.
The facts sufficiently appear in the opinion.

*J. F. Watson,* for Appellant.

*J. W. Hamilton* and *W. R. Willis,* for Respondent.

STRAHAN, J., delivered the opinion of the court.

By his complaint the plaintiff claims to be the equitable
owner of the land in controversy and to have been in the
actual and exclusive possession of the same ever since the
year 1862.   It appears that in the year 1862 one J. A. Vel-
zain and Jesse Fry owned the land in controversy and that
the same was a part of a larger tract owned by them;
that the plaintiff also owned a large tract which adjoined
the lands of Velzian and Fry; that a small parcel of the
plaintiff's land laid on the west side of the South Umpqua
river, consisting of about six acres, and that the parcel in
controversy was separated from the other lands of Vel-
zain and Fry by said river and was situated on the east
side thereof, and consisted of about twenty-four acres and
joined the plaintiff's other lands; that at this time the
plaintiff and Velzian and Fry entered into an agreement to
exchange their small parcels, one for the other; but inas-
much as the lands which plaintiff was to receive in
exchange were regarded of greater value than the other,
he was to pay the difference in hogs, which he did in the
sum of seventy-five dollars, the difference in value agreed
upon.   At that time the plaintiff entered into possession
of the twenty-four acre tract and caused it to be included
in his enclosure, and every year thereafter, except two or
three, he cultivated the same, and when the land was not
in cultivation he used it in all respects like his other lands
and sometimes using it for pasturage; that at the same
time Velzain and Fry entered into possession of the six-
acre tract and retained possession of the same.   It also
appears that Velzain and Fry conveyed their entire tract

of land by deed to the defendant, including the twenty four acres which they had sold to the plaintiff; but at the time the defendant took said deed he had full notice of the plaintiff's rights in and to said twenty-four acres. In September, 1887, the defendant recovered a judgment against the plaintiff herein in the circuit court of Douglas county, Oregon, for the possession of said twenty-four acres, and is about to issue an execution to support the same. The defendant's answer denies the material allegations of the complaint, pleads the statute of limitations, and relies upon the judgment in ejectment as an *estoppel.*

1.  A very decided preponderance of the evidence tends to support the plaintiff's allegations, and I think clearly entitles him to the relief which he seeks, unless his right thereto is defeated by something shown upon the part of the defendant; or unless there is some fatal defect or omission in his own statement of the case, and to those matters our attention will now be directed.

2.  The first point presented by the answer of the defendant requiring notice is his plea of the statute of limitations. But if that objection really existed and was available at any stage of the suit, it was waived because not taken by demurrer. The facts are fully stated by the complaint, and if the plaintiff's equity was barred by the statute the objection was apparent on the face of the complaint. In such case the objection must be taken by demurrer or else it is waived. Section 67, Hill's Code, enumerates the grounds of demurrer to the complaint, and the seventh specification is "that the action has not been commenced within the time limited by this Code." And section 70 provides: "When any of the matters enumerated in section 67 *do not appear* on the face of the complaint, the objection may be taken by answer." Section 71 provides: "If no objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court and the objection that the complaint does not state facts sufficient to constitute a cause of action." This

section does not make it optional with a defendant to take the objection by demurrer or answer at his pleasure, but construed in connection with the preceding sections, it means that the defendant *must* demur where the objection appears on the face of the complaint; and when it does not so appear, the objection may be taken by answer, and where it is not taken by demurrer when that is the proper mode of raising the question, or by answer, where that is the proper mode, the same is waived and cannot be insisted upon at the trial. This construction of the sections of the Code referred to effectually eliminates the statute of limitations from the case and leaves it to rest entirely upon the other questions presented.

3. This leaves the question of estoppel to be considered. In *Hill* v. *Cooper*, 6 Or. 182, the precise question involved here came before this court for the first time for adjudication, and after a careful examination of the point, it was held that, under the statute which allowed an equitable defense by cross-bill in actions at law, a party might rely upon a legal defense in an action without being thereby precluded from afterwards asserting his equitable title in an original suit.

That is what this plaintiff is endeavoring to do by this suit after having suffered defeat in a trial in an action at law, and under the authority of *Hill* v. *Cooper, supra,* his *equities* were not concluded by the judgment. But counsel for the respondent contend that the jurisdiction of a court of law was so enlarged by the amendment to section 378, now section 382, of Hill's Code, in 1878, as to necessarily enlarge and extend the effect of a judgment at law in such case ; and they claim in effect that *Hill* v. *Cooper, supra*, is no longer an authority under this statute for the principle therein announced. The amendment was in the form of a *proviso* to the original section, and added these words: "Provided, this section shall not be construed so as to bar an equitable owner in possession of real property from defending his possession by means of his equitable title; and in any action for the recovery of real property, or the

possession thereof, by any person or persons claiming or holding the legal title to the same under such patent against any person or persons in possession of such real property under any equitable title, or having in equity the right to the possession thereof, as against the plaintiff in such action, such equitable right of possession may be pleaded by answer in such action, or set up by bill in equity to enjoin such [action] or execution upon any judgment rendered therein; and the right of such equitable owner to defend his possession in such action, or by bill for injunction, shall not be barred by lapse of time while an action for the possession of such real property is not by the provisions of title II. of chapter I. of this Code."

No doubt these provisions do greatly extend the jurisdiction of courts of law in such case; but such jurisdiction is not comprehensive enough to enable such court to act finally upon the rights set up by the plaintiff in this suit. A defendant sued in ejectment might use his equitable title defensively in an action at law, but he could use it for no other purpose.

That amendment of the Code did not confer upon a court of law jurisdiction over the entire equities of the defendant, and enable it to grant full and complete relief by decreeing specific performance when proper. Besides, under our practice, the machinery of a court of law is not adapted to work out such results. A court of law might, for some one of the reasons named in the section, refuse to turn a defendant out of possession, but it would be utterly powerless to clothe him with the legal title, which in this case the defendant holds as trustee for the plaintiff, or to adjust the equities which might grow out of the relations of the parties or be presented by the facts of the particular case. We must, therefore, hold in this case that the judgment at law did not estop or preclude the plaintiff from demanding of the defendant a conveyance of the legal title to the land in controversy which the defendant acquired with notice of the plaintiff's equities.

4. One other question remains to be considered. It

was suggested on the argument here that the plaintiff has not shown himself entitled to the relief which he seeks for the reason he has not conveyed the six acres, and therefore he has not done equity. Fry has been a non-resident of the State for many years, and Velzain sets up no claim to the six acres, and it does not clearly appear that the defendant has succeeded to their rights in said land, but I think it may be inferred from all the circumstances attending the transactions that he did.

The record does not disclose what is the condition of the six acres at this time; but the decree appealed from will be reversed, and the plaintiff will have a decree for the relief which he seeks upon the conveyance by him to the defendant of said six acres, or in default of such conveyance the court below is directed to ascertain the value of said six acres at the time of the commencement of this suit; and the value so ascertained shall be decreed to be a charge upon the twenty-four acres herein directed to be conveyed in favor of the defendant, which may be enforced by execution, and that the enforcement of the judgment mentioned in the complaint be perpetually enjoined and restrained.