[Civ. Nos. 647, 648.   First Appellate District.—September 17, 1909.]

## CHARLES SAMUELS, Respondent, v. GROVER B. LARRIMORE, Appellant.

ACTION FOR MONEY LOANED—PLEADING—SUFFICIENCY OF AVERMENT OF NONPAYMENT.—In an action for money loaned and advanced to the defendant by plaintiff's assignor a complaint averring "that within two years last past defendant became indebted" to said assignor in a specified sum "for so much money loaned and advanced at the special instance and request of said defendant," and after averring the assignment, avers "that no part of said indebtedness has been paid and that there is now due, owing and payable from defendant to plaintiff on account of said indebtedness said sum," sufficiently avers nonpayment of said sum specified.

ID.—CONSTRUCTION OF "INDEBTEDNESS"—REFERENCE OF FACT TO SUM SPECIFIED.—The word "indebtedness" is not used in the complaint as a "conclusion of law," but as matter of fact referring to the sum specified as being "for so much money loaned and advanced."

ID.—AVERMENT OF DEMAND NOT ESSENTIAL.—The complaint need not aver a demand made for payment of the sum due before suit. The complaint is, of itself, a sufficient demand.

ID.—ANSWER SHOWING DEMAND UNAVAILING.—The answer sufficiently shows that a demand before suit would be unavailing where, in addition to denying the indebtedness, it alleges that the debt is not due, and was to be repaid only "when convenient," or "when business has picked up," each of which events is alleged not to have occurred.

ID.—FINDING AGAINST ANSWER—CLEAR SHOWING REQUIRED—LAPSE OF REASONABLE TIME BEFORE SUIT.—It would require a very clear showing to satisfy any court that a bargain of the kind alleged in the answer was made. General expressions of that character, if used, only indicate that payment is expected to be made within a reasonable time, which must be deemed to have expired, where the money was advanced about a year before suit, and the court was justified, under the circumstances, in finding against the claim set up in the answer.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

11 Cal. App.—22

Jos. J. Webb, for Appellant.

Leon Samuels, for Respondent.

COOPER, P. J.—These two appeals are in separate records, but they will be considered together, as one is an appeal by defendant from the judgment against him, and the other from the order denying his motion for a new trial, and the questions are all considered together in the briefs filed by counsel.

The complaint is as follows: "That within two years last past said defendant became indebted to one Frank A. Whitman, in the sum of $635.86 for so much money loaned and advanced to said defendant by said Whitman at various times during said period at the special instance and request of said defendant. That prior to the commencement of this action said Whitman assigned, transferred and set over unto plaintiff said claim, demand and cause of action against said defendant. That no part of said indebtedness has been paid, and that there is now due, owing and payable by said defendant to said plaintiff on account of said indebtedness said sum of $635.86, together with interest thereon at the legal rates from the date of such loans and advances."

The complaint concludes with the usual prayer for judgment for the amount claimed.

The first contention of appellant is that the court erred in overruling his demurrer to the complaint. His argument is that the complaint does not allege nonpayment. The contention is entirely devoid of merit. After alleging the facts as to how the indebtedness arose and the amount thereof, the allegation is "that no part of said indebtedness has been paid." The word "indebtedness" is not here used as it has sometimes been in the body of a pleading, in which the courts have said that it was a conclusion of law. As it is here used in the last paragraph of the complaint it refers to the said sum of $635.86, which it is alleged had been loaned and advanced to defendant at his special instance and request. Any person of ordinary understanding would know that the pleader, by the word "indebtedness" as here used in said paragraph, refers to the sum which he had alleged had been advanced to defendant by plaintiff's assignor.

Nor is there any merit in appellant's claim that the plaintiff should have alleged a demand of payment. The complaint is of itself a demand; and not only this but the answer of defendant shows that a demand would have been unavailing. Defendant in one part of his answer denies the indebtedness, and in another and separate part he alleges that the money was advanced to him by plaintiff's assignor upon the understanding that he was to repay it only when convenient to him, and that "it has not been convenient for said defendant to repay any portion thereof to said Whitman."

The appellant further urges that the evidence is insufficient to sustain the findings because, as he contends, the money was to be repaid only "when convenient or when business picked up." This question was passed upon by the trial court, and in our opinion the evidence justifies the findings. It certainly is not the ordinary way of doing business for one man to advance money to another upon an express understanding that the one receiving the money will be allowed to repay it or not according to his own idea as to "convenience," or as to "business picking up." It would require a very clear case, we apprehend, to satisfy any court that such a bargain was made. In fact in all cases where there is a general conversation by the party advancing money, or delivering property as to "taking your own time to pay," or "use your own convenience to pay," or "You can pay me when able," the courts as a general thing hold that the payment should be made within a reasonable time. When a friend advances money to another and uses such expressions, he does not intend to give the money; he expects the party to act honorably, and not to repudiate the debt, but to repay it within a reasonable time. It is not to be presumed that a man would receive money under such circumstances from a friend, and when the money is sought to be recovered use the very expressions of ·confidence, kindness and friendship as means to defeat a recovery.

There are cases in which it has been made clearly to appear that the intention of the party or parties furnishing the money was to leave it entirely at the option of the party receiving it to repay it or not; in other words, to the sense of honor of the party receiving it. Such is not this case. The moneys were advanced to defendant about a year before this

action was commenced. Defendant cannot complain that he did not have a reasonable time within which to repay it.

The judgment and order are affirmed.

Kerrigan, J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 15, 1909.