Argued September 28, reversed October, 9, rehearing denied October
23, 1917.

# CREASON v. DOUGLAS COUNTY.

(167 Pac. 796.)

**Taxation—Delinquency Certificate—Invalidity—Recovery of Amount
Paid.**

1. Where plaintiff presented his claim for the repayment of taxes
which he had liquidated, and for which he had received a void de-
linquency certificate, to the County Court, which denied the relief
sought, he could maintain an action on his demand; review of the
court's order not being the exclusive remedy.

[As to recovery by taxpayer of taxes paid, see notes in 22
Am. Dec. 519; 45 Am. Dec. 164; 94 Am. St. Rep. 425.]

**Taxation—Delinquency Certificate—Refund of Payment—Lands of
United States.**

2. Where the county issued to plaintiff a delinquency certificate on
land belonging to the United States and excepted from taxation by
Section 3554, L. O. L., and guaranteed payment with 6 per cent in-
terest in case certificate was void, as required by Section 3693, the
county was required to refund the money paid by plaintiff, with 6 per
cent interest.

**Limitation of Actions—Accrual of Cause—Void Tax Certificate.**

3. The cause of action accrued when the void delinquency certifi-
cate was issued, and, the action to recover the taxes paid not having
been begun within six years, the statute of limitations (Section 6,
L. O. L.), had run against the claim.

**Limitation of Actions—Pleading—Necessity—Waiver.**

4. As a bar of the statute of limitations was not interposed by
defendant county by demurrer on that ground, the defense was waived.

**Taxation—Delinquency Certificate—Subsequent Taxes—Voluntary Pay-
ment—Recovery.**

5. As the county did not expressly guarantee the payment of any
money received, except that for which the delinquency certificate was
issued, the payments of the taxes for subsequent years were voluntary,
and could not be collected from the county.

From Douglas: JAMES W. HAMILTON, Judge.

Department 2.    Statement by MR. JUSTICE MOORE.

The complaint herein substantially charges that the
defendant is a duly constituted and organized county
of the state; that the assessor of that county, between

the first day of March, 1908, and the second Monday in September of that year, assessed section 36, in township 30 south, range 1 west of the Willamette Meridian, to A. I. Kelliher, and caused the valuation so made to be entered upon the assessment-roll; that taxes were levied upon that assessment amounting to $130.64, no part of which was paid; that on October 5, 1909, the plaintiff tendered that sum with the penalty, interest, costs, etc., amounting to $152.04, to the tax collector, who executed to him the prescribed delinquency certificate; that no part of the taxes levied against such land having been paid for the respective preceding years the plaintiff, in order to protect a forfeiture of his rights under the delinquency certificate, paid such taxes as follows: July 22, 1910, $60.61; March 1, 1911, $60.61; February 28, 1912, $103.56; March 4, 1913, $93.67; and March 2, 1914, $89.98; that such taxes are void because the real property described was at all times unsurveyed public lands of the United States; that the attempted assessment of the real property and all proceedings relating thereto are irregularities, by reason whereof the delinquency certificate so executed and all subsequent assessments and taxes levied thereon and collected from the plaintiff, amounting to $560.37, are void; that he presented a claim therefor to the County Court of that county, which refused to order a repayment of any part of that sum. The prayer of the complaint is for a recovery of the several sums with interest thereon at the rate of six per cent per annum from the time the payments were made.

A demurrer to the complaint on the grounds that it did not state facts sufficient to constitute a cause of action and that the court did not have jurisdiction of the subject matter was sustained, and the plaintiff de-

clining further to plead the action was dismissed, and
he appeals.                                    REVERSED.

For appellant there was a brief over the name of
*Messrs. Rice & Orcutt,* with an oral argument by *Mr.
Dexter Rice.*

For respondent there was a brief and an oral argu-
ment by *Mr. George Neuner, Jr.,* District Attorney.

MR. JUSTICE MOORE delivered the opinion of the
court.

1. The complaint herein having alleged that the
plaintiff presented his claim for the repayment of the
taxes which he had liquidated to the County Court of
Douglas County, which denied the relief sought, was
his exclusive remedy a review of the order of that
court, or could he maintain an action, as undertaken in
this instance, on his demand? Unless some other
mode or remedy has been exclusively provided by stat-
ute, an action at law may be prosecuted to final judg-
ment against a county for the recovery of money the
amount of which is not a matter of discretion to be
exercised by a County Court: *Crossen* v. *Wasco
County,* 10 Or. 111; *Wallowa County* v. *Oakes,* 46 Or.
33 (78 Pac. 892). In *Flagg* v. *Columbia County,* 51
Or. 172 (94 Pac. 184), it was ruled that a writ of re-
view was the only remedy for the re-examination of a
discretionary order of a County Court in fixing rea-
sonable fees not prescribed by law, and that such rem-
edy might be invoked to litigate a disputed claim
therefor against a county after its presentation and
refusal of payment. In *Berridge* v. *Marion County,*
81 Or. 391 (159 Pac. 628), it was held that a writ of
review was an appropriate remedy to present ques-

86 Or.—11

tions of law arising in respect to a disputed claim against a county after it had been presented and dis-. allowed. In that case the amount of the compensation was not fixed by law and depended upon an exercise of discretion. In the case at bar no discretion was required or could be exercised by the County Court in order to determine what part, if any, of the plaintiff's claim should be allowed, and this being so, an action at law based upon his demand was properly maintainable.

The statute in force in the year 1908 governing the assessment first mentioned prescribed the time and manner of assessing taxable property: Section 3586, L. O. L. The assessor was required to make a plat of the government surveys within his county and to note thereon, or in a present ownership book or list, the owner of each tract: Section 3588, L. O. L. It was the duty of that officer to make an assessment-roll: Section 3593, L. O. L. The County Court of each county was required to estimate and apportion the tax to be raised therein and to enter such determination upon its records: Section 3661, L. O. L. The sheriff of each county was the tax collector therein: Section 3667, L. O. L. All taxes lawfully imposed, together with the penalties, charges, etc., thereon, were declared to be a lien upon the real property so assessed from the day on which the warrant authorizing the collection of the taxes was issued, which encumbrance had priority over all other liens, except the lien for a tax for a subsequent year: Section 3684, L. O. L. Upon failure to pay the taxes so assessed they became delinquent immediately after the first Monday of October of each year: Section 3687, L. O. L. At any time after six months from such delinquency it was the duty of the tax collector, upon demand and payment of the taxes,

penalty, etc., to issue to the person offering to make such payment a certificate of delinquency, containing, *inter alia,* a statement as follows:

"A guaranty of the county * * to which the tax is due that if for any irregularity of the taxing officers such certificate is void, then such county * * will repay the holder the sum paid thereon, with interest at the rate of six per cent per annum from the date of its issuance": Section 3693, L. O. L.

At any time after the expiration of three years from the date of such deficiency the holder of the tax certificate was permitted to commence a suit against the owner of the land to foreclose the tax lien: Section 3695, L. O. L. A clause of the statute regulating such foreclosure authorized the court to amend the record of tax procedure, but it did not sanction the assessment of nontaxable real property: Section 3701, L. O. L.

2. The demurrer herein admits that the land described in the complaint is a part of the unsurveyed public domain. Real property of the United States is exempt from taxation: Section 3554, L. O. L. It was incumbent upon the assessor to ascertain what lands, the survey of which had been approved by the proper officer of the general government, and any attempt to assess real property that had not been thus segregated from the public domain was such an irregularity as necessarily rendered a delinquency certificate based thereon void when issued by the tax collector. By reason of such irregularity the defendant, pursuant to its express guaranty as prescribed by statute, was required to repay the amount of money which it received from the plaintiff, together with six per cent interest thereon from October 5, 1909, as evidenced by the delinquency certificate.

3, 4. This action was commenced December 7, 1915, and more than six years prior thereto the cause of action arose by the issuance of the certificate, and hence the statute of limitations had run against the claim: Section 6, L. O. L. It appearing from the face of the complaint when the cause of action thus accrued, and also when the action was commenced, the bar of the statute of limitations should have been interposed by a demurrer based on that ground: Section 68, subd. 7, L. O. L.; *Spaur* v. *McBee,* 19 Or. 76 (23 Pac. 818). In *Davis* v. *Davis,* 20 Or. 78 (25 Pac. 140), Mr. Chief Justice STRAHAN observes:

"The rule of law must be taken as settled in this state that if a claim be set up against a party, which is barred by the statute of limitations and the fact appears upon the face of the proceeding, the objection must be taken by a demurrer; otherwise it must be taken by answer; and if not taken either in one form or the other according to the fact, it is to be deemed waived."

In this instance the plea of the bar of the statute of limitations not having been raised in any manner was thereby waived, and under the amendment of Section 3 of Article VII of the organic law (Gen. Laws Or. 1911, p. 7) the plaintiff is entitled to a judgment for the sum of money due him as evidenced by the delinquency certificate.

5. His payment of the taxes undertaken to be levied upon the attempted assessment of the land for the years subsequent to 1908, for which the delinquent certificate was issued, served to augment his claim against the supposed owner of the real property, if he had redeemed the premises, but as the defendant had not expressly guaranteed the repayment of any money so received, except that for which the delinquency certificate was issued, the payments of the taxes for the

years 1909 to 1913, inclusive, were voluntarily made, and for that reason cannot be collected from the county.

The judgment is reversed and the plaintiff is awarded the sum specified.

REVERSED.    REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE MCCAMANT concur.