Argued December 4, 1929; reversed and remanded January 28, 1930

AMY H. EASTMAN, Executrix, *v.* JAY D. CRARY

(284 Pac. 280)

For appellant there was a brief over the name of *Messrs. Clark & Clark* with oral arguments by *Mr. Robert L. Jewell* and *Mr. A. E. Clark.*

For respondent there was a brief over the name of *Messrs. Nichols, Hallock & Donald* with an oral argument by *Mr. Blaine Hallock.*

BELT, J. This is an action commenced on March 9, 1928, by the executrix of the estate of C. A. Eastman, deceased, to recover amount alleged to be due on four promissory notes, dated January 13, 1911, each in the sum of $14,665.10, due respectively one, two, two and one-half and three years after date. It is alleged that no part of said notes, which were executed in the state of Washington, has been paid except that, on November 17, 1925, the sum of $37.50 was paid by the defendant on each of the notes. Defendant admits the execution and delivery of the notes, denies the payment alleged, and pleads as an affirmative defense the statutes of limitation of Oregon and Washington as a bar to the action. Verdict and judgment were had for the defendant.

■ Plaintiff appeals, assigning as error the giving of certain instructions, one of which is the following requested by defendant:

"Before you can find in this case that payments on these notes, if any were made, were intended to toll the statute of limitations and revive the outlawed obligations, *you must be satisfied by clear and convincing evidence* that the payments were made under such circumstances as were intended by the defendant to amount to a payment upon the debt and an acknowledgment of the balance due thereon at that time. The payment must have been made under such circumstances as to show an intentional acknowledgment by the defendant of his liability for the old debt as of the date of such payment, from which arises a new implied promise supported by the original consideration to pay the residue."

In various other parts of the charge, the court, in referring to the degree of proof, stated that it was

incumbent upon the plaintiff to establish the alleged payment essential to revive the debt by ''clear and convincing evidence.'' Appellant contends that these instructions violated subdivision 5 of § 868, O. L., which provides:

''That in civil cases the affirmative of the issue shall be provided, and when the evidence is contradictory, the finding shall be according to the preponderance of the evidence   *   *   *.''

The identical question was considered in *Kelley v. Joslin et al.,* 123 Or. 253 (261 P. 413), where the court, in referring to the above statute, said that it was conclusive on the subject and that ''any instruction which goes beyond this by the addition of such words as 'clear' or 'fair' has a tendency to mislead the jury and is, therefore, erroneous.'' Regardless of what may be the holding in other jurisdictions, the case cited is decisive of the one at bar. Also see *Carty v. McMenamin & Ward,* 108 Or. 489 (216 P. 228). Such error compels, as in the Kelley case, a reversal of the judgment and the remanding of the cause for a new trial.

██ The following requested instruction was given by the court:

''Obligations otherwise enforceable may be barred by the statute of limitations, and when, as in this case, defendant pleads such a statute as a defense he is entitled to the full benefit of its provisions.

''A defense of the statute of limitations is not unconscionable but is entitled to the same consideration as any other defense. It is a legislative declaration of public policy and should be treated with respect.''

The first paragraph of the above instruction, while perhaps not warranting a reversal, is subject to criti-

cism in that it is argumentative and unduly stresses the statute of limitations as a defense. The second paragraph of the instruction is a clear and accurate statement of the law and, in our opinion, would have been sufficient.

■ The vital issue in the case was: Did the defendant voluntarily make a part payment on the notes as alleged in the complaint with the intention then and there to acknowledge the balance due thereon? If he did make such payment it would have the legal effect of removing the bar to the action created by statute. When a part payment is made under circumstances indicating an acknowledgment of a larger debt remaining unpaid, the law implies a promise on the part of the debtor making the payment to pay the balance and the statute, on revival of the debt, commences to run from the date of such payment. If, on the other hand, the payment was made under circumstances not indicating an intention of the defendant to acknowledge balance due on the notes, the statutory bar applies. The principle upon which part payment takes a case out of the statute is that the party paying intended by it to acknowledge and admit a greater debt to be due.

As stated in Wood on Limitations (4th ed.), section 97, quoted with approval in *Harding v. Grim*, 25 Or. 506 (36 P. 634):

"In order to make a money payment a part payment within the statute, it must be shown to be a payment of a portion of an admitted debt, and paid to, and accepted by the creditor as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment of more being due, from which a promise may be inferred to pay the remainder. If the

payment was intended by the debtor to be a payment of all that was due, the circumstance of the creditor's having received it, and treated it as a part payment only, will not bring it within the statute.''

■ Defendant asserts, assuming that error was committed as assigned, that appellant is in no position to complain for the reason that it appears upon the face of the complaint that the alleged interest payment was not made until long after the statute of limitations had run against the notes. Based upon such contention the defendant objected to the introduction of any testimony and now says that the case should not have been submitted to the jury. If it be true that it affirmatively appears from the complaint that the action was not commenced within the time limited by the statute, defendant should have interposed a demurrer on that ground. Not having done so, the point is waived. § 71, O. L., provides:

·''When any of the matters enumerated in section 68 (being grounds of demurrer) do not appear upon the face of the complaint, the objection may be taken by answer.''

It is a settled rule in this state that if it appears from the face of the complaint that the action has not been commenced within the time limited by statute the objection must be taken by demurrer. Otherwise, it must be taken by answer, and, if not taken either in one form or the other, according to the facts, it is to be deemed waived: *Creason v. Douglas County*, 86 Or. 159 (167 P. 796). Also see §§ 68, 71, and 72, O. L.

■ Notwithstanding the note was executed in Washington, it is conceded that the law of the forum applies. § 25, O. L., provides:

''Whenever any payment of principal or interest has been or shall be made upon an existing contract,

whether it be bill of exchange, promissory note, bond, or other evidence of indebtedness, if such payment be made after the same shall have become due, the limitation shall commence from the time the last payment was made.''

It is very properly urged by defendant that this section, in the light of the decisions of this court, has no application where a payment has been made after the statute has completely run: *Dundee Investment Co. v. Horner,* 30 Or. 558 (48 P. 175) and cases therein cited. Were this a new question the writer would not agree to such construction of the statute. The above section is identical with section 177, Remington's Compiled Statutes of Washington. The supreme court of Washington in *Eureka Cedar Lumber & Shingle Co. v. Knack,* 95 Wash. 339 (163 P. 753), in keeping with the weight of authority, said:

''* * * we see no escape from reading the language of section 177 as meaning that a payment made upon the debt after the statute had run its course would be as effectual to remove the bar as a payment made before would extend the running of the statute, for we are plainly told by the language of that section that it is a payment 'upon any existing contract' which starts the statute to running anew from the time of such payment. It is elementary that the statute does not affect the legal existence of the contract, but only the remedy (*Miller v. Miller,* 169 Mo. Ap. 432, 155 S. W. 76); hence it is plain that a payment upon such contract is a payment upon a legally 'existing contract,' and therefore extends the running, or removes the bar, of the statute, regardless of the time of payment.''

Regardless of the construction which this court has given § 25, O. L., it is equally well settled in this jurisdiction (*Marshall v. Marshall,* 98 Or. 500 (194 P. 425); *Creighton v. Vincent,* 10 Or. 56) that a voluntary pay-

ment made on a debt after the statute has fully run revives the obligation and an action may be maintained by virtue of § 24, O. L., which provides:

"No acknowledgment or promise shall be sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby; but this section shall not alter the effect of any payment of principal or interest."

REVERSED AND REMANDED.

COSHOW, C. J., and BEAN and HAMILTON, JJ., concur.