Argued May 3, affirmed May 12, petition for rehearing denied
June 17, 1954

## RICKER v. RICKER, ADMINISTRATRIX

270 P. 2d 150

*Charles R. Cater,* of La Grande, argued the cause and filed a brief for appellant.

*Patrick J. Gallagher* argued the cause for respondent. On the brief were Gallagher & Gallagher, of Ontario.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN, TOOZE and PERRY, Justices.

TOOZE, J.

This is an action for money loaned, brought by plaintiff F. E. Ricker against Mabel Ricker, executrix of the estate of G. H. Ricker, deceased, as defendant. The trial court sustained defendant's general demurrer to the amended complaint; and plaintiff having failed to plead further, judgment was entered dismissing the action. Plaintiff appeals.

By his amended complaint, plaintiff, after alleging the appointment of defendant as executrix of the estate of G. H. Ricker, deceased, stated his cause of action as follows:

"II
"The plaintiff duly presented his claim hereinafter alleged to the defendant above named in her capacity as such executrix on or about July 17, 1953, before expiration of the period of six months after the date of the published notice of her appointment as such executrix, and the defendant as such executrix rejected, disallowed and denied plaintiff's claim on July 21, 1953, and filed the original claim with her endorsement rejecting the same with the County Clerk.

"III
"The defendant's decedent, G. H. Ricker, was plaintiff's brother.

"IV
"On December 8, 1919 the plaintiff lent to his brother, G. H. Ricker, the sum of $3000.00 upon the agreement of said G. H. Ricker to pay plaintiff 10% interest thereon, which was the customary rate at that time. The entire agreement was oral.

There was no time fixed or agreement upon when the sum loaned should be repaid. Interest for the first two years was paid to plaintiff for the account of said G. H. Ricker, and on October 19, 1924, $650.59 was repaid to plaintiff for the account of G. H. Ricker on said loan. Said payments were made by one Oliver Crews who owed G. H. Ricker the sum so paid and were made at the direction of said G. H. Ricker. In or about 1924 the plaintiff and his brother, the said G. H. Ricker, discussed the loan and for the first time fixed a time for its repayment. Plaintiff's brother had suffered a business reversal in the five years intervening since the loan and for that reason he and the plaintiff thereupon agreed that the loan should be repaid when plaintiff's brother 'got on his feet' and able to pay. The defendant's decedent, G. H. Ricker, was unable to pay the amount due at any time between the date of the loan and August 14, 1947, and between August 14, 1947 and the date of the commencement of this action, the precise time of which is unknown to the plaintiff, the defendant's decedent, G. H. Ricker, did become financially able to pay his obligation to the plaintiff. In the interim between the time of the loan and the death of decedent, G. H. Ricker, the plaintiff discussed with him from time to time at the farm of said decedent, his brother's financial condition, and the said G. H. Ricker in those conversations stated to the plaintiff that he had not yet got on his feet and was unable to pay the amount due, and the plaintiff relied on the representations so made by his brother, the defendant's decedent and was lead to believe and did believe that said decedent was as yet unable to pay the amount due. It was not until the death of the decedent and the condition of his estate became known to the plaintiff, that he knew that his brother was able and his brother's estate was sufficient to repay the money borrowed so many years before.

"V

"That no payment of principal or interest have been made except as set out above and there is now due and owing from defendant to plaintiff the sum of $2349.41 and $7626.30 interest, a total amount of $9975.71."

Defendant demurred to this amended complaint on the ground that it failed to state facts sufficient to constitute a cause of action.

It is defendant's position, and the trial court held, that on its face the amended complaint conclusively established that the alleged claim against the estate of G. H. Ricker was barred by the statute of limitations: ORS 12.080.

That statute provides that "an action upon a contract or liability, express or implied" shall be commenced within six years after the cause of action shall have accrued.

The sole contention made by plaintiff on this appeal is that the objection that the complaint shows on its face that the cause of action is barred by the statute of limitations must be made by special demurrer based upon that particular ground, and that it cannot be made by general demurrer. He states his proposition as follows:

"When it appears from the complaint that the action was not commenced within the time limited by law the objection must be taken by demurrer on that ground *or it is waived*. The objection cannot be made by general demurrer. Appellant does not by this concede that it does appear from the complaint that the action was not commenced within the time limited." (Italics ours.)

In support of this contention, plaintiff cites ORS 16.260 and ORS 16.330; also, *Eastman v. Crary*, 131 Or 694, 699, 284 P 280.

Oregon Revised Statutes 16.260 provides:

"The defendant may demur to the complaint * * *, when it appears upon the face thereof:

"(1) That the court has no jurisdiction of the person of the defendant, or the subject of the action;

"* * * * *

"(6) That the complaint does not state facts sufficient to constitute a cause of action; or

"(7) That the action has not been commenced within the time limited by statute."

Oregon Revised Statutes 16.270 provides:

"The demurrer shall distinctly specify the grounds of objection to the complaint; unless it does so, it may be disregarded. * * *."

Oregon Revised Statutes 16.330 provides:

"If no objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived any objection, save for the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action. * * *."

In *Eastman v. Crary,* supra, we said:

"If it be true that it affirmatively appears from the complaint that the action was not commenced within the time limited by the statute, defendant should have interposed a demurrer on that ground. Not having done so, the point is waived. * * *

"It is a settled rule in this state that if it appears from the face of the complaint that the action has not been commenced within the time limited by statute the objection must be taken by demurrer."

■ The amended complaint shows on its face that the money was loaned to G. H. Ricker, now deceased, on

December 8, 1919. At the time the loan was made by plaintiff as alleged, no time was fixed for the repayment thereof. In such circumstances, it was repayable on demand. 58 CJS 878, Money Lent, § 3a.

■ It is well settled that the statute of limitations begins to run at the time when a complete cause of action accrues or arises, unless it is otherwise provided by statute. In 54 CJS 45, Limitations of Actions, § 130, the following rule is stated:

"A loan of money payable on demand creates a present debt, and the statute of limitation begins to run against the lender from the date of the loan."

■ It follows, therefore, that the statute of limitation commenced to run against plaintiff on December 8, 1919, the date it is claimed the loan was made. The original complaint in this case was filed on August 12, 1953, or approximately 34 years after the statute began to run.

■ However, plaintiff contends that the running of the statute of limitation was tolled by an oral agreement that was made between himself and the borrower, G. H. Ricker, on October 19, 1924. The statute had been running against plaintiff for approximately 5 years at that time. The agreement alleged to have been made on October 19, 1924, was a new contract between the parties. This contract was not evidenced by any writing which was signed by G. H. Ricker. For that reason, the evidence of such oral agreement was insufficient to toll the running of the statute.

Section 1-222, OCLA (ORS 12.230) provides:

"No acknowledgment or promise shall be sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of this chapter [Limitations of Actions and Suits], unless

the same is contained in some writing, signed by the party to be charged thereby; but this section shall not alter the effect of any payment of principal or interest."

According to the allegations of the amended complaint, the last payment by the borrower upon the loan, either as principal or interest, was made October 19, 1924, or approximately 29 years prior to the time action was commenced. Hence, it appears from the complaint itself that at the time plaintiff commenced his action, the statute of limitation had been running for approximately 29 years without interruption.

■ Moreover, the alleged agreement of October 19, 1924, that G. H. Ricker would repay the loan when he "got on his feet", even had it been in writing, would not have tolled the running of the statute indefinitely. Under such an agreement, the money would have been repayable after a reasonable time. In 58 CJS 878, Money Lent, § 3a, this rule is stated as follows:

"'* * * Where the agreement is that the repayment is to be made when the debtor is able to pay the loan, it is repayable after a reasonable time; and this has also been held true of a promise to repay 'when convenient' or 'when business picked up'."

Also see *Samuels v. Larrimore,* 11 Cal App 337, 104 P 1001, 1002.

It could hardly be contended that 29 years was a reasonable time, either as a question of fact or of law.

■ In the light of the statutes of this state, and the decisions of this court construing them, it is settled that ordinarily when it appears on the face of the complaint that the cause of action is barred by the statute of limitation, the objection must be raised by a

demurrer based upon that particular ground, and, if not so raised, the objection is waived.

However, it must be kept in mind that this action is based upon a claim presented against the estate of G. H. Ricker, deceased. Although the complaint is not very definite as to the form and contents of the claim presented to the defendant-executrix, we gather from its allegations that the claim was in substantially the same terms as those presented by the complaint. Therefore, upon the face of the claim as presented to the executrix it clearly appeared that the debt had been barred by the statute of limitation.

Oregon Revised Statutes 116.555 provides:

"No claim which is barred by the statute of limitations shall be allowed by any executor, administrator or court."

■ This statute is mandatory. Under its plain terms, the defendant was expressly prohibited from allowing plaintiff's claim. It is such a claim as cannot be enforced against the estate of decedent. The defendant could not waive the statutory ban.

■ The statute in question is a special statute dealing with a particular subject; whereas, ORS 16.260 and 16.330 are statutes of general application. Under well-recognized rules of statutory construction, the provisions of ORS 116.555 would be controlling. *State ex rel. Gladden v. Lonergan,* 201 Or 163, 269 P2d 491; *State v. Preston,* 103 Or 631, 637, 206 P 304, 306, 23 ALR 414; 82 CJS 834, Statutes, § 367b.

10. It appearing upon the face of the amended complaint that the alleged cause of action was based upon a claim against the estate that was not a valid and

enforceable demand, it follows that the complaint failed to state facts sufficient to constitute a cause of action, and was subject to demurrer on that ground.

The trial court did not err in sustaining the demurrer and dismissing the action.

The judgment is affirmed.