Argued December 14, 1960, affirmed February 8, defendants'
objections to cost bill allowed March 15, petition for
rehearing denied March 21, 1961

## DIXON ET UX *v.* SCHOONOVER ET UX

359 P. 2d 115
360 P. 2d 274

*Norman K. Winslow,* Salem, argued the cause and filed briefs for the appellants.

*Carrell F. Bradley,* Hillsboro, argued the cause for the respondents. On the brief was Bush & Bradley, Hillsboro.

Before MCALLISTER, Chief Justice, WARNER, SLOAN, O'CONNELL and HOWELL, Justices.

HOWELL, J. (Pro Tempore)

Plaintiffs brought an action for breach of contract against defendants who filed a counterclaim alleging fraud. The jury returned a verdict for the defendants on the counterclaim. The trial court granted plaintiffs' motion for judgment n.o.v. and denied their motion for a new trial. Both parties appeal.

In October 1954, plaintiffs were buying a dairy farm in Klickitat County, Washington from Delwyn Allaway. After some negotiations, the plaintiffs, on October 29, 1954, entered into a contract to sell their interest in the farm to defendants. As part payment of the purchase price the defendants transferred to plaintiffs certain real property in Lincoln County, Oregon. The contract required defendants to pay $500 per month to be applied on the Allaway contract and $200 per month to plaintiffs. The defendants made some payments on the former contract and none to plaintiffs. The Allaway contract became in default and plaintiffs' and defendants' interest in the Klickitat County, Washington, property was foreclosed.

Plaintiffs alleged a breach of contract for their

first cause of action and as a second cause of action demanded judgment for $800 and attorneys' fees on a promissory note executed by defendants. Defendants filed a counterclaim alleging fraudulent misrepresentations in the sale of the Washington dairy farm and prayed for $34,000 compensatory and $15,000 punitive damages. The defendants in their answer admitted the amount demanded in plaintiffs' first cause of action and also admitted the $800 due on the promissory note alleged in plaintiffs' second cause of action.

The jury returned a verdict for $8,000 compensatory damages for defendants on their counterclaim. The judgment entered on this verdict was set aside by the trial court and a judgment n.o.v. entered for plaintiffs for the $800 and attorneys' fees upon plaintiffs' second cause of action upon the promissory note. The trial court allowed plaintiffs' motion for judgment n.o.v. upon the ground that defendants' counterclaim for fraud was barred by the statute of limitations. The plaintiffs' motion for a new trial was denied.

The counterclaim, after stating the misrepresentations, alleged as follows:

> "That defendants did not discover the actual truth with reference to the falsity of the misrepresentations referred to in Paragraph III hereof until they had been operating said dairy farm for a number of months and, while they had some information on some subjects prior thereto, did not discover the falsity of any of them with certainty until approximately the 15th of February, 1955, and thereafter."

■ Our statute of limitations, ORS 12.110, provides that an action at law for fraud and deceit must be commenced within two years from the "discovery of the fraud or deceit."

"Discovery of the fraud or deceit" means from the time the fraud was known or could have been discovered through the exercise of reasonable care. *Linebaugh v. Portland Mortgage Co.*, 116 Or 1, 8, 239 P 196.

■ When the pleading discloses that the action was not commenced within the two years provided by the statute, it is necessary, in order to toll the statute, to negative lack of diligence and set forth the reasons why there was not an earlier discovery of the fraud. *Heard v. Coffey et al.*, 218 Or 275, 344 P2d 751; *Huycke et ux. v. Latourette et al.*, 215 Or 173, 176, 332 P2d 606.

As the defendants purchased the property on October 29, 1954, and the counterclaim was filed on February 5, 1957, over two years had elapsed and the pleading did not show an excuse for the delay. This fact appeared on the face of the counterclaim. However, the plaintiffs did not demur but pleaded the bar of the statute of limitations in their reply by alleging the action was not commenced within two years from the time the alleged fraud was or should have been discovered.

Both parties and the trial court treated the question of the statute of limitations as one of fact and evidence was introduced on the issue of when the fraud was or could have been discovered.

Defendants' first assignment of error charges the defense of the statute of limitations was waived when the plaintiffs failed to demur to the counterclaim and, consequently, the trial court erred in submitting this defense to the jury and in granting the judgment n.o.v. for plaintiffs.

■ The general rule is that if it appears from the face of the pleading the action is barred by the statute

of limitations, the objection must be taken by demurrer or it is waived. *Ricker v. Ricker, Administratrix,* 201 Or 416, 270 P2d 150; *Eastman, Executrix v. Crary,* 131 Or 694, 284 P 280; *Creason v. Douglas County,* 86 Or 159, 167 P 796; *Spaur v. McBee,* 19 Or 76, 23 P 818.

We think that this rule should not be applied in the circumstances of this case. If it is said that the plaintiffs waived the defense of the statute by failing to demur, then equally the defendants revived the availability of the statute as a defense when instead of moving to strike the affirmative allegations of the reply to the effect that the counterclaim was barred by the statute of limitations, they went to trial upon that issue and did not raise the question of waiver of the statute until the case reached this court.

■ This rule of waiver by failure to demur, while firmly established in this state, is nevertheless a technical one which ought not to be extended to a case like this where it is apparent that the party who might benefit by it elects not to do so until the case reaches the appellate court.

A somewhat similar question arose in *Boyd v. Blankman,* 29 Cal 19, 87 Am Dec 146. There, in an action based on fraud, the complaint did not allege the discovery of the fraud within three years (the statutory time in California) next prior to the commencement of the action. However, the replication did so allege and the trial court made a finding upon this issue. With reference to this question, the Supreme Court said "* * * as the discovery within the three years is averred in general terms in the replication, and the issue thereupon was tried without objection in the court below, the finding will be taken as if made upon an issue properly raised by the pleadings." We are of the opinion that upon the present record the

defendants are precluded from urging that the plaintiffs have waived the defense of the statute of limitations.

■ In allowing the motion for judgment n.o.v. the trial court stated it was obvious from the record the defendants possessed knowledge of the claimed fraud more than two years before filing their counterclaim and that the issue of fraud should not have been submitted to the jury.

The allegations of misrepresentation submitted to the jury were as follows:

"(a) That the real property described in said Exhibit "A", consisting of a dairy farm, was then grossing by way of income, approximately $24,000.00 per year.

"(b) That plaintiffs' monthly checks from the sale of dairy products raised upon said real property averaged approximately $2,000.00 per month and that a check for the previous month in the amount of $1,800.00 was the lowest check in amount that had ever been received by plaintiffs from the sale of milk from said dairy farm.

"* * * * *

"(d) That said dairy herd had been bred at such intervals that the cows forming a part of the same would 'come fresh' in orderly intervals throughout the calendar year in such a manner that said dairy farm would produce a regular monthly quantity of butter fat and milk throughout the year.

"(e) That plaintiffs had been meeting their 'quota' with reference to the delivery of milk from said dairy herd regularly and without the losses occasioned by failure to make said 'quota', and in particular, that said dairy herd had been bred at proper intervals so that the operator of said dairy farm could hold his

'basis' within the terms of milk marketing regulations and laws.

"(f) That a quantity of hay then stored in some of the barns upon said dairy ranch had been raised from said ranch and that it was not necessary to buy outside hay or rent outside pasture in order to carry the size of herd then being milked upon said dairy farm."

The defendants rely upon the alleged misrepresentations of income and the breeding of the dairy herd as the two major issues of fraud.

■ When the alleged fraud was discovered or whether reasonable diligence was exercised to discover the same are ordinarily questions of fact but when only one conclusion can be reasonably drawn from the facts, it becomes a question of law for the court to determine. *Linebaugh v. Portland Mortgage Co.,* supra.

The defendants had been engaged in the dairy business since 1935. They made at least two inspection trips to the farm before purchasing the property and took possession on or about November 1, 1954.

On December 2, 1954, the defendants wrote the realtor who handled the sale for the plaintiffs complaining about the representation of prior income and the milk quota. The pertinent parts of the letter follow:

"You will remember that your advt for this farm stated that the income averaged $22,000.00 per year from the dairy. You also asserted that the income last month was down to $1700.00 for the month, but that was the lowest it had evergone, [sic] and that Dixon had assured you that the income from milk was rising and would top the $1700.00 this month.

"We just received the statements for Dixon's milk checks from Jan 1, 1954, to June ~~May~~ 3rd, 1954, and the average income per month has been

exactly $1534.50 per month. Which means that his flow has been very much below that during worst months. We have it on good authority that his average has always been around $1500.00 per month and that means that the income is short about $6000.00 per year from what you stated it to be.

"Also, Dixon assured us that he was well above his quota now, and had been right along, but his milk statement for the five months mentioned shows that he only exceeded his quota by an average of 62 lbs per day. We have just received the latest statements and find that Dixon has been averaging 67 lbs short of his quota right when we took over, and while he was assuring us that he was well over the quota.

"Now this means that the payments agreed upon, which were based entirely upon his stated income, have been based upon misrepresentation, and cannot possibly be met from the income from this farm."

It is clear from the above letter the defendants had reliable information within one month of taking possession that the prior income of the farm and the milk quota were not as they claim plaintiffs represented them to be.

The defendants assert that after writing the above letter they were reassured by the plaintiffs that the income from the ranch was as represented and, therefore, did not take any action at that time. Mrs. Schoonover testified, however, that certain personal beliefs not connected with the issues herein constituted the reason no legal action was taken against the plaintiffs.

Concerning the representations that the herd had been properly bred, the defendant Mr. Schoonover testified that the breeding record books and slips were on the dining room table when they moved into the house and that he looked at them at that time. He also

stated the breeding charts, or at least part of them, were hanging in the barn when they assumed possession. If the defendants did not understand the breeding records or if they were incomplete, still they were available and they had the duty to exercise ordinary care to apprise themselves of the facts and not put them away until the following spring.

The remaining specification applies to an alleged representation that it was not necessary to purchase hay or rent pasture to support the dairy herd. While knowledge of this element is not mentioned in the briefs there was evidence that the defendants saw a load of hay being delivered to the farm on one of their trips to inspect the property and presumed it was hay that had been purchased. There was also evidence the defendants were shown a rented pasture where heifers were grazing. This was not denied by defendants.

We agree with the conclusion of the trial court that "it is obvious that defendant had notice of the claimed fraud more than two years prior to the date of filing the counterclaim."

The counterclaim for fraud was barred by the statute of limitations and the court did not err in vacating the judgment for defendants.

■ The defendants also assign as error the denial of a motion for nonsuit and directed verdict against the plaintiffs' first cause of action only. Defendants' attack on the jurisdiction of the court, raised for the first time on appeal, is without merit. The defendants in both motions also challenged the damages alleged by plaintiffs in their first cause of action. Plaintiffs originally demanded $8,402.13. This amount was admitted by defendants in their answer. Later plaintiffs amended the complaint to reduce the amount to

$7,862.89. Defendants objected to the amendment on the basis it changed plaintiffs' theory of the case but stated to the court that the only issue to be determined was the alleged fraud in the counterclaim. On this admission the defendants requested and were granted permission to open and close the final argument. The court instructed the jury that the amount demanded by plaintiffs was admitted by defendants and if they found defendants did not sustain the charges of fraud, plaintiffs were entitled to recover $7,862.89 on the first cause of action and $800 on the second. Defendants did not except to these instructions.

In the face of these judicial admissions defendants are in no position to charge the trial court with error in denying both motions.

Although the defendants' charges of fraud must fail and the trial court was correct in setting aside the judgment for defendants on the counterclaim, it does not follow that the defense of fraud is completely eliminated merely because it was barred as a counterclaim by the statute of limitations.

■ There was sufficient evidence of misrepresentation to justify the submission of the fraud to the jury. It was not necessary for the defendants to prove all the misrepresentations alleged; one or more was necessary. *Zeleny v. Karnosh,* 224 Or 419, 356 P2d 426; *Melgreen et ux. v. McGuire, Inc. et al.,* 214 Or 128, 136, 327 P2d 1114; *Burgdorfer v. Thielemann,* 153 Or 354, 374, 55 P2d 1122.

■ The rule for applying the statute of limitations to actions based on fraud applies to counterclaims where it is sought to obtain affirmative relief. However, recoupment arising out of the same matter can be allowed to the extent of the relief demanded by plaintiffs on their first cause of action even though an

independent action could not be maintained because of the statute. *Wright et ux. v. Hage et ux.*, 214 Or 400, 330 P2d 342; *Caples v. Morgan*, 81 Or 692, 160 P 1154; *Ennis v. Ring*, 353 P2d 950; *J. C. Felthouse & Co. v. Bresnahan*, 145 Wash 548, 260 P 1075; *Fruit v. Fancher*, 137 Wash 311, 242 P 11; 1 ALR2d 630, Annotations.

◼ While the misrepresentations were pleaded as a counterclaim for affirmative relief and not as recoupment, this should not deprive defendants from the benefit of such defense.

In *Fruit v. Fancher*, supra, the defendants alleged a counterclaim for fraud to which the plaintiffs replied, setting up the statute of limitations. The trial court overruled defendants' demurrer to the reply but struck from the counterclaim the demand for affirmative relief. The court held no affirmative relief could be granted defendants because of the statute of limitations but that the statute did not apply to recoupment. This action was affirmed on appeal and recoupment allowed to the extent found due upon the plaintiffs' complaint.

In *J. C. Felthouse & Co. v. Bresnahan*, supra, plaintiffs brought an action to recover $7900 on a promissory note. The defendant counterclaimed alleging fraud and asked damages in the sum of $30,000. On the trial the court sustained plaintiff's objection to evidence offered on the counterclaim on the grounds the fraud was barred by the statute of limitations. The cause was reversed on appeal for the reason that while the statute of limitations barred any affirmative recovery the defense of fraud was still available as recoupment to cancel out the plaintiff's claim.

◼ In the instant case the defendants were not entitled to recover an affirmative judgment against the

plaintiffs because of the bar of the statute. The amount of the plaintiffs' claim on the first cause of action had been admitted. Therefore, the trial court acted properly in allowing a recoupment of the defendants' verdict for $8,000 to cancel the $7,862.89 demanded and admitted in plaintiffs' first cause of action when it granted the judgment for plaintiffs n.o.v.

The defendants object to $243.78 of the costs awarded to plaintiffs which were incurred in defense of the counterclaim for the reason that plaintiffs were not the prevailing party in this respect. Plaintiffs prevailed by receiving a judgment for $800 and attorney's fees on the second cause of action. There is no provision for dividing costs between the parties. *Phipps v. Taylor,* 15 Or 484, 16 P 171. Plaintiffs recovered at least a part of the amount claimed in the complaint. That recovery carries costs as a matter of course.

Affirmed.

Norman K. Winslow, Salem, for the objections.

Carrell F. Bradley, Hillsboro, contra.

McALLISTER, C. J.

This is an action at law for the breach of a land sale contract in which the defendants filed a counterclaim alleging that they were induced to enter into the contract by the fraud of the plaintiffs. The jury found for the defendants on the counterclaim. The trial court entered judgment for plaintiffs notwithstanding the verdict of the jury for defendants. The defendants appealed and the plaintiffs cross-appealed. This court affirmed the judgment of the trial court.

As the prevailing party on the appeal, plaintiffs filed a cost bill in this court. The defendants do not object to the recovery by plaintiffs of their costs incurred to resist defendants' appeal, but object to costs incurred by plaintiffs in unsuccessfully prosecuting their cross-appeal. The items objected to include the cost of printing that portion of plaintiffs' brief devoted to their cross-appeal and the cost of the short transcript filed pursuant to the former statute.

■ This is an action at law and the prevailing party is entitled to costs as a matter of course. *State v. Cummings,* 205 Or 500, 537, 288 P2d 1036, 289 P2d 1083. ORS 20.310 authorizes the allowance "to the prevailing party on appeal" the necessary expenses of the transcript and the printing required by our rules.

■ Since the plaintiffs did not prevail in this court on their cross-appeal, we think they are entitled to recover only that portion of their costs incurred in resisting the appeal of the defendants and sustaining the judgment of the lower court. The questions raised in the cross-appeal were not necessary to a determination of the appeal by defendants.

Defendants' objections to plaintiffs' cost bill are allowed.