**COMMERCIAL SECURITIES, INC.,**
Plaintiff,

v.

**GENERAL INSURANCE COMPANY OF
AMERICA and Orval Lama,**
Defendants.

Civ. No. 66–379.

United States District Court
D. Oregon.

Sept. 19, 1966.

William E. Hurley, Bernard, Bernard
& Hurley, Portland, Or., for plaintiff.

Justin N. Reinhardt, Reinhardt, Co-
blens & Stoll, Portland, Or., for defend-
ants.

OPINION

KILKENNY, District Judge:

Plaintiff seeks a remand of this cause
to the Circuit Court for Marion County,
Oregon. Plaintiff is an Oregon corpora-
tion. General is a Washington corpora-
tion, authorized to do business in Oregon.
Lama is a resident of Oregon.

Plaintiff, in its complaint, charges
that Lama received, in the years 1960
and 1961, licenses from the State of
Oregon to deal in new and used cars,
and that a $15,000.00 bond, with Lama
as principal and General Insurance Com-
pany, as surety, was filed with the Ore-
gon Secretary of State for both years,
to protect anyone harmed by reason of
fraud perpetrated by Lama. In separate
counts for the years 1960 and 1961,
plaintiff alleges that Lama sold certain

automobiles which he held by virtue of trust receipts delivered to it, and that he fraudulently refused to deliver the proceeds to plaintiff immediately after the sales in question, but instead wrongfully and fraudulently converted the proceeds to his own use. The first count alleges that the receipts of a sale were converted on December 24, 1960, and the second count alleges similar offenses on various dates between April 25, 1961, and December 21, 1961. In each count, plaintiff admits that it knew of the conversions in question on or before December 18, 1962. Plaintiff further alleges that it demanded of each defendant that the proceeds of the sales be returned to it, but that the defendants refused, and that more than six months elapsed since it had demanded payment from General Insurance Company under the bonds in question.

On July 27, 1966, General filed a petition for removal to this Court, on the ground that, because the statute of limitations had run against Lama, he had been improvidently joined, thus leaving a diversity action between plaintiff and General. After removal, plaintiff filed a motion to remand the case to the Marion County Circuit Court, on the ground that Lama had been correctly joined and that as a result this Court did not have jurisdiction, there not being a diversity of citizenship.

General contends that since plaintiff knew of the alleged conversions more than two years prior to its filing the complaint, the action against Lama was barred by the statute of limitations, ORS 12.110. It further contends that because of this there is no basis for joining Lama, and that this Court should, therefore, refuse to remand the case.

Plaintiff originally argued that the action against Lama is one created by statute (specifically, ORS 481.310) and is, therefore, subject to the six year statute of limitations, ORS 12.080. It further contended that even if the action against Lama was subject to the two year statute of limitations, General could not assert that defense now, as it did not in the Circuit Court, assert it by way of demurrer as required by Oregon law.

During oral argument on the motion to remand, it was conceded by plaintiff that the cause of action against defendant Lama is governed by the two year statute of limitations, ORS 12.110, since Lama's duty to account to the plaintiff is a common-law obligation, independent of statute.

## DISCUSSION

When a plaintiff, as here, joins a resident and a non-resident defendant, the non-resident defendant has the privilege to challenge the plaintiff's good faith in so joining by removing to federal court. But the burden is on the non-resident defendant to show improper or collusive joinder, and he must be able to show that there can be no recovery, against the resident defendant, under the law of the state on the cause alleged, or on the facts, in view of the law, as they exist when the petition for remand is heard. Parks v. New York Times Co., 308 F.2d 474 (5th Cir. 1962), cert. denied 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964). While the joinder of a resident defendant against whom no cause of action is stated is a patent sham, federal courts will not pre-try, as a matter of course, doubtful issues of fact to determine removability, and the issue must be capable of summary and certain determination. Dodd v. Fawcett Publications, 329 F.2d 82 (10th Cir. 1964); McLeod v. Cities Serv. Gas Co., 233 F.2d 242 (10th Cir. 1956).

General urges that if the case is remanded, the state court would have no alternative but to dismiss Lama on the ground that the action against him was barred by the statute of limitations. This theory is not supported by Oregon law. The complaint, on its face, shows that the action against Lama was barred by the statute of limitations. However, counsel did not, as required by the Oregon practice, assert the bar by *demurrer*. Where the matter appears on the face of the pleadings, the objection must be taken by demurrer, or it is waived.

Dixon et ux. v. Schoonover et ux., 226 Or. 443, 359 P.2d 115, 360 P.2d 274 (1961); Ricker v. Ricker, Administratrix, 201 Or. 416, 270 P.2d 150 (1954); Eastman, Executrix v. Crary, 131 Or. 694, 284 P. 280 (1930); Creason v. Douglas County, 86 Or. 159, 167 P. 796 (1917); Dowell v. Mossberg, 226 Or. 173, 355 P.2d 624, 359 P.2d 541 (1961). The same cases hold that liability exists unless the shield of the statute is properly used. The exceptions to the general rule which are mentioned in Dixon v. Schoonover, supra, and Dowell v. Mossberg, supra, have no application to the facts before me. Nor does the fact that the Oregon court might permit the late filing of a demurrer under the doctrine taught in Ash v. Kilander, 220 Or. 438, 348 P.2d 1099 (1960), alter, limit or modify the nature of the pleadings now under scrutiny. I must be governed by the present, not what the Oregon court might do on a remand.

The motion is well taken. The cause should be remanded to the Circuit Court of the State of Oregon for Marion County.

It is so ordered.