Argued February 11, decided March 3, 1914.

## BYRD *v.* COOPER.

(139 Pac. 104.)

**Appeal and Error—Record—Bill of Exceptions.**

1. No bill of exceptions is required in a suit in equity; the cause being tried anew on appeal, on the merits, by a re-examination of all the testimony given in the court below.

**Judgment—Foreclosure of Mechanic's Lien—Conclusiveness of Judgment.**

2. Under Section 7424, L. O. L., providing that in all suits to enforce any lien created by the act, all persons personally liable and all lienholders whose claims have been filed for record, shall, and all other persons interested in the matter in controversy or in the properties sought to be charged with the lien may, be made parties, but such as are not made parties shall not be bound by any such proceedings, the owner of real property whose conveyance of the title is duly recorded when suit is brought to foreclose a mechanic's lien, and who is not then made a party nor brought in within the time limited by the statute, is not bound by any decree in the suit.

**Judgment—Foreclosure of Mechanic's Lien—Conclusiveness of Judgment.**

3. Under Section 7424, L. O. L., providing that in suits to enforce liens the pleadings and practice shall be the same as in other cases, and that the proceedings on foreclosure shall be as nearly as possible made to conform to the proceedings on a foreclosure of a mortgage lien on real property, but that when sale is made pursuant to a decree

foreclosing mechanics' liens, if the proceeds are insufficient to discharge all the liens, the claimants are to be paid *pro rata*, the fact that the owner of the party which is not made a party to the original suit to foreclose is brought in as a defendant to the cross-complaint of one of the defendants to foreclose another lien does not make the owner a party to the original proceeding so as to render the foreclosure binding against it, where it was not made a party by amendment of the complaint until after the time allowed by statute had elapsed.

From Multnomah: GEORGE N. DAVIS, Judge.

Department 1.   Statement by MR. JUSTICE MOORE.

This suit was instituted May 24, 1912, by Robert Byrd, against J. Cooper, Alice Cooper, the Acme White Lead & Color Works, and others, to foreclose a laborer's lien filed January 16, 1912. The notice of lien states generally that pursuant to an agreement with J. Cooper, who had contracted with Alice Cooper to erect for her a house on lot 5 in block 42, Beaumont, in the City of Portland, Oregon, of which real property she was the owner, the plaintiff Byrd built in such dwelling a fireplace, a chimney, and a mantel of the reasonable value of $71.50, no part of which sum has been paid; and that 30 days had not elapsed since the completion of the building. The complaint alleges that Alice Cooper is the owner of the premises described; that J. Cooper claims an estate therein; that the other defendants, naming them, claim some interests in the lot, but if either has any such interest, it is subordinate to plaintiff's claim.

The Acme White Lead & Color Works answered the complaint herein July 3, 1912, and at the same time filed a cross-complaint to foreclose its mechanic's lien against the same property, making the Home Installment Company a party defendant, upon which corporation an original summons in the latter suit was served July 5, 1912. The cross-complaint charged generally that when the construction of such building was commenced, the defendant J. Cooper was the re-

puted owner of the lot described, but that the defendant the Home Installment Company was then the owner of the real property.

An answer to the cross-complaint was filed by the Home Installment Company, which corporation having paid in full the claim of the Acme White Lead & Color Works, the causes arising upon its answer and cross-complaint were dismissed November 16, 1912. Two days thereafter the plaintiff herein, having obtained leave to amend his original complaint so as to make the Home Installment Company a party defendant, filed such pleading, alleging therein that the corporation thus named was the owner of the real property. A demurrer to the amended complaint on the ground, *inter alia,* that this suit had not been commenced within the time limited therefor was overruled whereupon an answer was filed, alleging that on April 17, 1912, the Home Installment Company's deed to the lot in question was duly recorded; that in consequence of Byrd's failure to make such corporation a party until November 20, 1912, his suit, as to it, was not commenced within the time prescribed, and for that reason he was not entitled to equitable relief.

The reply to such answer admitted that the Home Installment Company's deed to such realty was recorded as alleged. Based on these issues the cause was tried, resulting in a decree foreclosing the plaintiff's lien, and directing a sale of the premises to satisfy the amount of his demand, and the Home Installment Company alone appeals.      REVERSED.

For appellant there was a brief over the names of *Mr. B. J. Howland* and *Messrs. Seitz & Clark,* with an oral argument by *Mr. Howland.*

For respondent there was a brief over the names of *Mr. John G. Wilson* and *Messrs. Sheppard & Brock,* with an oral argument by *Mr. Wilson.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. The parties having solemnly admitted by their pleadings that an examination of the records of deeds in Multnomah County, Oregon, would have revealed the fact that the Home Installment Company held a conveyance of the lot herein described prior to the commencement of this suit, the question to be considered is, Did the failure of the plaintiff to make such corporation a party until more than six months had elapsed from the filing of his claim of lien bar a foreclosure thereof? As a preliminary matter, however, it is contended by plaintiff's counsel that since no bill of exceptions has been settled or allowed herein, any error of the trial court will not be reviewed unless apparent on the face of the record. This is a suit in equity, in which case no bill of exceptions is required; the cause being tried anew on the merits by a reexamination of all the testimony given in the court below. Besides, the error complained of is apparent on the face of the record in the overruling of the demurrer and in the disregarding of the averments of the answer, to the effect that the suit, as to the Home Installment Company, had not been commenced within the time limited therefor.

The statute, prescribing the time within which a suit to foreclose a mechanic's lien must be instituted, reads: "No lien provided for in this act shall bind any building, structure, or other improvement for a longer period than six months after the same shall have been filed unless suit be brought in a proper court within that time to enforce the same": Section 7422, L. O. L. This suit was commenced 4 months and 8 days after the plaintiff's notice was filed, and as to all the defendants named in the original complaint, the enforcement of the lien was undertaken within the time prescribed.

As to the defendant the Home Installment Company, however, this suit was not begun until it was made a party. It is argued by plaintiff's counsel that since the Acme White Lead & Color Works answered the complaint herein and also filed a cross-bill to foreclose its lien, making the Home Installment Company a party defendant, 5 months and 20 days after plaintiff's lien was perfected, the latter corporation thereby became a party to the original suit, and such being the case, no error was committed in foreclosing Byrd's lien.

2. A text-writer in specifying indispensable parties to a suit to foreclose a mechanic's lien, says: "The person who, when the suit is begun, owns the estate to which the lien attaches is, according to the better reasoning and the weight of authority, a necessary party defendant to a suit to foreclose the lien" (citing many decisions: Boisot, Mech. Liens, § 527).

In *Osborn* v. *Logus,* 28 Or. 302, 310 (42 Pac. 998), Mr. Justice WOLVERTON, discussing the subject says: "The owner, of course, is an indispensable party, and his absence would be fatal to the proceeding; a decree without him would be a nullity." Speaking of this excerpt, an author in a note observes, "owner an indispensable party *dictum*": Bloom, Law Mechanics' Liens, § 663. The language there criticised was employed in construing the words "shall" and "may" as made by the statute applicable to parties who were either necessary or proper in a suit to foreclose a mechanic's lien: Section 7424, L. O. L. The question embraced in that case was whether in such a suit the contractor was a necessary party, and it was determined that he was not. What was there said about the owner being an indispensable party was evidently intended to be used by way of illustration and comparison. But however that may be, it is believed that the language so employed is a correct declaration of the

rule of law applicable to the question here involved. From this assertion it follows that, if the owner of real property whose conveyance of the title thereto is duly recorded at the time a suit is brought to foreclose a mechanic's lien attaching to the premises is not then made a party or brought in within the time limited by the statute therefor, any decree that might be rendered in such suit is not binding upon him: Section 7424, L. O. L.

3. It remains to be seen whether or not the owner of the recorded title of land, when, within the time prescribed, he is made a party to a cross-bill, instituted by a defendant in an original suit, his real property subjected to the lien is thereby rendered liable to a foreclosure decree that may be given in the first suit. The statute regulating the foreclosure of mechanics' liens, as far as important herein, reads:

"Suits to enforce the liens created by this act shall be brought in the Circuit Courts, and the pleadings, process, practice, and other proceedings shall be the same as in other cases. * * The proceedings upon the foreclosure of the liens created by this act shall be, as nearly as possible, made to conform to the proceedings of a foreclosure of a mortgage lien upon real property": Section 7424, L. O. L.

If upon a sale of land under a decree foreclosing a mortgage thereon the sum of money received is more than sufficient to satisfy the plaintiff's demands, the remainder is applied in discharging or on account of subsequent liens in the order in which they respectively attached to the premises. When, however, a sale is made pursuant to a decree foreclosing mechanics' liens, in case the proceeds are insufficient to discharge all such liens, the lien claimants are to be paid *pro rata:* Section 7424, L. O. L.

In *Title Guarantee Co.* v. *Wrenn,* 35 Or. 62 (56 Pac. 271, 76 Am. St. Rep. 454), it was held that the filing of an answer by the holder of a mechanic's lien in a

suit to foreclose another lien was as effectual to save
the lien from the bar of the statute of limitations as
the bringing of a separate suit to foreclose, regardless
of the facts that such answer was not served upon the
owner of the property. The decision in that case pro-
ceeds upon the theory that a suit having been brought
to foreclose a mechanic's lien, wherein the owner and
a lien claimant have been made parties, the filing of an
answer by such claimant, setting forth the facts, con-
stituting his lien and praying for the foreclosure
thereof, was tantamount to the bringing of an original
suit to foreclose his lien. If the Acme White Lead &
Color Works had not made the owner, the Home In-
stallment Company, a party defendant, but had an-
swered the plaintiff's complaint only, the owner would
have had no notice of the proceedings, and would not
have been bound thereby. Applying the rule an-
nounced in the case of *Title Guarantee Co.* v. *Wrenn,*
35 Or. 62 (56 Pac. 271, 76 Am. St. Rep. 454), if the
Home Installment Company had been made a party to
the original suit, the answer of the Acme White Lead
& Color Works to the complaint herein would have
been notice to the owner, which corporation would
have been bound by all the proceedings therein. There
is not such a privity of estate or of contract existing
between the several lien claimants that would render
the answer of one of them, making the owner a party,
equivalent to an amendment of the original complaint,
and, such being the case, an error was committed in
rendering a decree against the Home Installment
Company.

The decree should therefore be reversed as to such
owner, and this suit dismissed as to it; and it is so
ordered.                                    REVERSED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BURNETT
and MR. JUSTICE RAMSEY concur.