Argued and submitted November 14, 1980,
reversed and remanded February 14,
reconsideration denied March 26,
petition for review denied April 28, 1981 (290 Or 853)

SAFECO INSURANCE COMPANY OF AMERICA,
*Appellant,*

*v.*

TUALATIN DEVELOPMENT CO., INC.,
*Respondent,*

(A7803-04313, CA 17407)

623 P2d 1112

E. Daniel Seymour, Portland, argued the cause and filed the brief for appellant.

Rex E. H. Armstrong, Portland, argued the cause for respondent. With him on the brief were Glen McClendon and Lindsay, Hart, Neil & Weigler, Portland.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

In this subrogation action, plaintiff appeals the trial court's order allowing a summary judgment on the ground its claim was barred by ORS 12.135,[1] the two-year statute of limitations applicable to damage caused by alleged negligent construction of improvements on real property.

In 1974, defendants were contractors engaged in the construction of the King City Garden Villas condominiums. On September 15, 1974, a fire, allegedly caused by defendants' negligence, damaged the property. Plaintiff, as insurer of the condominium developers, paid the claim and became subrogated to the rights of its insured. On March 17, 1978, plaintiff filed its complaint. On May 3, 1978, defendant Mullins filed a demurrer alleging the claim was time barred, and on May 9, 1978, defendant Tualatin Development Company, Inc. (TDC) answered alleging a cross-claim against Mullins and a third-party complaint against Frahler Electric Company. It did not raise the defense of the statute of limitations in its answer. Subsequently, on May 25, 1978, TDC, without moving to withdraw its answer, filed a demurrer raising the statute of limitations. At the hearing on the demurrers of Mullins and TDC, the trial court allowed Mullins' demurrer and denied the demurrer of TDC on the ground TDC had waived the statute of limitations by failing to demur prior to answer. TDC's subsequent motion of June 20, 1978, to withdraw its answer and file a demurrer was denied, as was a petition for writ of mandamus in the Supreme Court.

On January 1, 1980, prior to the scheduled trial date, the Oregon Rules of Civil Procedure became effective. These rules, insofar as here relevant, provide as follows:

---

[1] ORS 12.135 provides:

"(1) An action to recover damages for injuries to a person or to property arising from another person having performed the construction, alteration or repair of any improvement to real property or the supervision or inspection thereof, or from such other person having furnished the design, planning, surveying, architectural or engineering services for such improvement, shall be commenced within two years from the date of such injury to the person or property; provided that such action shall be commenced within 10 years from substantial completion of such construction, alteration or repair of the improvement to real property.

"1C. These rules, and amendments thereto, shall apply to all actions pending at the time of or filed after their effective date, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies."

ORCP 21G.(2) provides:

"A defense that a plaintiff has not the legal capacity to sue, that the party asserting the claim is not the real party in interest, or that the action has not been commenced within the time limited by statute, is waived if it is neither made by motion under this rule or included in a responsive pleading or an amendment thereof. Leave of court to amend a pleading to assert the defenses referred to in this subsection shall only be granted upon a showing by the party seeking to amend that such party did not know and reasonably could not have known of the existence of the defense or that other circumstances make denial of leave to amend unjust."

On January 10, 1980, TDC filed a motion to allow the filing of an amended answer to raise the defense of the statute of limitations, supported by a memorandum in which TDC asserted in part:

"* * *It would be unjust [now that the court has discretion to allow the amendment] to deny the defense to defendant Tualatin Development Company, Inc., since co-defendant Mullins Drywall Company has escaped liability in this case because of its previously filed demurrer raising the defense of the statute of limitations. There was a subcontractor responsible for the acts alleged in plaintiff's complaint and if defendant Tualatin Development Company, Inc., has any liability, it is of a vicarious nature. This is a case in which the statute of limitations equally applies to all defendants, but because of a previous technicality, all defendants but one have been allowed to escape liability. It would now be unjust to deny the statute of limitations to the remaining defendant."

TDC's motion was allowed, and in its amended answer it alleged that plaintiff's claim was barred by the running of the statute of limitations. The trial court then allowed TDC's motion for summary judgment.

Plaintiff contends the trial court erred in granting the motion for summary judgment since the defense of the

statute of limitations had been waived when defendant failed to demur prior to answer. Plaintiff also contends that the new rules under ORCP were not applicable, and if applicable, should not have been applied.

Plaintiff's complaint alleged in part:

"In and about 1972, Defendants constructed the said residence in a negligent manner proximately causing a fire on September 15, 1974, resulting in damages as hereinafter more fully set forth."

It thus appeared clearly on the face of plaintiff's complaint that the action was time barred by the provisions of ORS 12.135. When TDC filed its answer, the applicable procedural statutes provided:

"ORS 16.260. The defendant may demur to the complaint within the time required by law to appear and answer, when it appears on the face thereof:

"* * * * *

"(7) that the action has not been commenced within the time limited by statute."

ORS 16.290 provided:

"(1) When any of the matters enumerated in ORS 16.260 do not appear upon the face of the complaint, the objection may be taken by answer."

ORS 16.330 provided:

"If no objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived any objection, save for the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action* * * ."

In *Spaur v. McBee,* 19 Or 76, 23 P 818 (1890), the Supreme Court analyzed the effect of these procedural statutes. There, it appeared on the face of the plaintiff's complaint that the action was barred by the statute of limitations. The defendant answered and in the answer raised the statute of limitations as a defense. In rejecting that defense, the Supreme Court stated:

"* * *But if that objection really existed and was available at any stage of the suit, it was waived because not taken by demurrer. The facts are fully stated by the complaint, and if the plaintiff's equity was barred by the statute the objection was apparent on the face of the complaint. In such case the objection must be taken by

demurrer or else it is waived. Section 67, Hill's Code, enumerates the grounds of demurrer to the complaint, and the seventh specification is 'that the action has not been commenced within the time limited by this Code.' And section 70 provides: 'When any of the matters enumerated in section 67 *do not appear* on the face of the complaint, the objection may be taken by answer.' Section 71 provides: 'If no objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court and the objection that the complaint does not state facts sufficient to constitute a cause of action.' This section does not make it optional with a defendant to take the objection by demurrer or answer at his pleasure, but construed in connection with the preceding sections, it means that the defendant *must* demur where the objection appears on the face of the complaint; and when that is the proper mode of raising the question, or by answer, where that is the proper mode, the same is waived and cannot be insisted upon at the trial. This construction of the sections of the Code referred to effectually eliminates the statute of limitations from the case and leaves it to rest entirely upon the other questions presented."

Numerous Oregon cases have recognized the rule stated in *McBee. See,* for example, *Ricker v. Ricker, Administratrix,* 201 Or 416, 421, 270 P2d 150 (1954); *Eastman, Executrix, v. Crary,* 131 Or 694, 699, 284 P 280 (1930); *Minter v. Minter,* 80 Or 369, 372-73, 157 P 157 (1916); *Murphy v. Harty,* 238 Or 228, 240, 393 P2d 206 (1964); and *Charette v. Eisenbraun,* 274 Or 491, 496-98, 547 P2d 612 (1976).

Though exceptions to the above rule have been recognized *(see Dixon v. Schoonover,* 226 Or 443, 447-48, 359 P2d 115, 360 P2d 274 (1961); *Dowell v. Mossberg,* 226 Or 173, 189-90, 355 P2d 624, 359 P2d 541 (1961)), no reason appears in this case why the general rule should not be applied. The defect in the complaint appeared on its face; and defendant answered generally, denying plaintiff's claim. Defendant does not contend that plaintiff is estopped from insisting on the waiver.

■　　We conclude that under the applicable procedural statutes in effect at the time defendant answered, it had waived its defense of the statute of limitations. In January,

1980, nearly 20 months after it filed its answer and shortly after the Oregon Rules of Civil Procedure had become effective, defendant moved to amend its responsive pleading pursuant to ORCP 21G.(2) to include the defense. The motion was allowed; and upon the pleading that the statute of limitations barred plaintiff's claim, TDC moved for summary judgment, from the allowance of which this appeal is taken.

■      While it is true, as contended by defendant, that a motion to amend a pleading to raise the defense of the statute of limitations may be granted by the trial court under ORCP 21G.(2):

> "upon a showing by the party seeking to amend that such party did not know and reasonably could not have known of the existence of the defense or that other circumstances make denial of leave to amend unjust,"

and while ORCP 1C. provides that

> "these rules, and amendments thereto, shall apply to all actions pending at the time of or filed after the effective date, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice,* * *,"

we do not believe these rules were intended to give a party an opportunity to add a defense which had previously been waived under rules which were in effect at the time the waiver was made. We conclude that once the defense had been waived under the applicable rules, the defense was out of the case. *Murphy v. Harty, supra,* 238 Or at 240. It was not reinstated merely by the circumstance that the case remained pending for sufficiently long period of time for the new rules to become effective. Although the Oregon Rules of Civil Procedure do apply retroactively to the extent that they apply to litigation pending as of January 1, 1980, we conclude that they do not apply to matters previously ruled upon or to the legal consequences of pleading under the prior rules.[2]

---

[2] Additionally we note that even under the new procedure, the amendment may be allowed only upon a showing that the party seeking the amendment did not know of the defense or that the circumstances make denial of leave to amend unjust.

In summary, we conclude that defendant waived its statute of limitations defense by failing to demur prior to answer and that the trial court erred in permitting TDC to amend its responsive pleading to raise the waived defense under ORCP 21G.(2).

Reversed and remanded.

---

Here defendant cannot and does not claim it did not know of the defense since its existence is apparent on the face of the complaint. Moreover, we doubt that a sufficient showing was made that the denial of leave to amend would be unjust. Defendant contended only that it would be unjust to permit the litigation to proceed against TDC alone when other parties who were also potentially liable had been dismissed from the case based upon their assertion of the statute of limitations.