Argued and submitted October 28, reversed and
remanded with instructions December 30, 1981

# WOOD PANEL STRUCTURES, INC.,
*Respondent,*

*v.*

# GRANGAARD et al,
*Defendants,*

# ENGLEMAN et ux,
*Appellants.*

(No. 77-9-304, CA 19984)

637 P2d 1320

Merritt J. Willson, Tigard, argued the cause and filed the
briefs for appellants.

Joan L. Volpert, Portland, argued the cause for respondent. With her on the brief was Martin, Bischoff, Templeton, Biggs & Ericsson, Portland.

Before Richardson, Presiding Judge, and Van Hoomissen, and Young, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendants Engleman (Engelmans) appeal from a decree foreclosing plaintiff's construction lien and declaring the lien to be valid against the Engelmans' interest in certain property and improvements. We reverse.

As stated in plaintiff's brief, the facts are:[1]

"Plaintiff brought this suit to foreclose a construction lien for floor and roof panels furnished by plaintiff for use in the construction of an apartment complex in Clackamas County, Oregon. Grangaard, the owner of the property and president of Sylvan Homes, Inc., contracted with Sylvan Homes to construct the complex. Sylvan Homes, in turn, contracted with [plaintiff] Wood Panel Structures to furnish materials. Plaintiff furnished those materials between December 1, 1976 and May 19, 1977. Shortly after delivery was completed, on May 27, 1977, Grangaard gave the Englemans a warranty deed to the subject real property. The deed was recorded May 31, 1977.

"Plaintiff filed its lien naming Grangaard and Sylvan Homes on August 17, 1977. Plaintiff sent notice of intent to foreclose to Grangaard and Sylvan Homes on August 30, 1977, then filed suit on September 22, 1977.

"On January 8, 1980, upon motion and order allowing the filing of an amended complaint, plaintiff filed its amended complaint adding the Englemans as defendants, and alleging that they hold some interest in the property."

The Englemans contend, *inter alia*, that the trial court erred by foreclosing the lien against their interest, because they were not made parties to the foreclosure suit within six months after the lien was filed. ORS 87.055 provides, in pertinent part:

"No lien described in ORS 87.010 shall bind any improvement for a longer period than six months after the lien is filed unless suit is brought in a proper court within that time to enforce the lien * * * ."

---

[1] The Englemans' brief contains a more extensive statement of facts, which plaintiff rejects in its brief for reasons it does not explain and we do not discern. *See* Rules of Appellate Procedure 7.30. We adopt plaintiff's statement solely because the more abbreviated recitation of events it contains is sufficient for our discussion of the issues we consider to be decisive of the appeal. We do not imply that *we* reject the Englemans' statement of facts.

*See also,* ORS 87.060(6).[2]

■ The Englemans' contention is supported by *Byrd v. Cooper,* 69 Or 406, 139 P 104 (1914). In that case, the plaintiff provided services in connection with the construction of a dwelling. He filed a "laborer's" lien on January 16, 1912. Thereafter, the owner of the property conveyed it, and the purchaser's deed was recorded in April, 1912. On May 24, the plaintiff filed his foreclosure suit, naming the original owner but not the purchaser as a defendant. On November 20, the plaintiff amended his complaint to add the purchaser as a party. The purchaser demurred on the ground that, under a materially identical predecessor to ORS 87.055, the plaintiff could not proceed against the purchaser's interest, because the purchaser was not made a party to the foreclosure proceeding within six months after the filing of the lien. The Supreme Court agreed, stating:

> "* * * [I]f the owner of real property whose conveyance of the title thereto is duly recorded at the time a suit is brought to foreclose a mechanic's lien attaching to the premises is not then made a party or brought in within the time limited by the statute therefor, any decree that might be rendered in such suit is not binding upon him * * *." 69 Or at 411.

■ Plaintiff here argues that its foreclosure suit was brought within six months after the filing of the lien and that the amended complaint adding the Englemans as defendants relates back to the filing of the original complaint. Plaintiff argues that ORCP 23C, which took effect on January 1, 1980, permits relation back under these circumstances and applies here because the *amended* complaint was filed after the effective date of ORCP 23C. We conclude that ORCP 23C

---

[2] ORS 87.060(6) provides:

"All suits to enforce any lien created by ORS 87.010 shall have preference on the calendar of the court over every civil suit, except suits to which the state is a party, and shall be tried by the court without unnecessary delay. In such suits, all persons personally liable, and all lienholders whose claims have been filed for record under the provisions of ORS 87.035, shall, and all other persons interested in the matter in controversy, or in the property sought to be charged with the lien, may be made parties; *but persons not made parties are not bound by the proceedings.* The proceedings upon the foreclosure of the liens created by ORS 87.010 shall, as nearly as possible, conform to the proceedings of a foreclosure of a mortgage lien upon real property." (Emphasis added.)

does not apply.[3] In considering an analogous question, we stated in *Safeco Ins. v. Tualatin Dev. Co.,* 50 Or App 521, 623 P2d 1112, *rev den* 290 Or 853 (1981):

> "* * * [W]e do not believe these rules were intended to give a party an opportunity to add a defense which had previously been waived under rules which were in effect at the time the waiver was made. We conclude that once the defense had been waived under the applicable rules, the defense was out of the case. *Murphy v. Harty,* [238 Or 228, 240, 393 P2d 206 (1964)]. It was not reinstated merely by the circumstance that the case remained pending for sufficiently long period of time for the new rules to become effective. Although the Oregon Rules of Civil Procedure do apply retroactively to the extent that they apply to litigation pending as of January 1, 1980, we conclude that they do not apply to matters previously ruled upon *or to the legal consequences of pleading under the prior rules."* (Emphasis added; footnote omitted.) 50 Or App at 527.

■  Plaintiff also contends that its amended complaint relates back to the filing of the original complaint under principles which existed before the effective date of the Oregon Rules of Civil Procedure. Plaintiff relies on *Drake Lumber Co. v. Paget Mortgage Co.,* 203 Or 66, 274 P2d 804 (1954). There the court applied the relation back doctrine to a suit to foreclose a mechanic's lien after the complaint had been amended to allege that one of the defendants named in the original complaint had acted as the agent for one of the other original defendants. The court explained:

> "* * * [A]n amendment should be allowed which 'does not operate totally to confer jurisdiction' but merely supplies 'an additional jurisdictional averment essential to clothe the court with complete power to conduct the suit to a legal conclusion', *Neubeck v. Lynch,* 37 App (DC) 576, 37 LRA (ns) 813, and the statement of Mr. Justice Holmes in *New York C. & H. R. R. Co. v. Kinney,* 260 US 340, 67 L ed 294, 43 S Ct 122 [1922], that 'when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the Statute of Limitations do not exist, and we are of opinion that a liberal rule should be applied.' * * *" 203 Or at 77.

---

[3] We express no view about whether the rule would permit relation back under these facts.

Conversely here, the amendment to the complaint *would* operate "totally to confer jurisdiction" over the Englemans, and they did *not* have notice from the beginning that plaintiff sought to enforce a claim against them.

Plaintiff relies on *Barr v. Lynch,* 163 Or 607, 97 P2d 185 (1939), for the proposition that "a construction lien can be foreclosed against the interest of a person who takes title to the property after the work is completed, but before the lien is filed, even though the lien statement does *not name the* person." *Barr* does not aid plaintiff. The issue there was whether the plaintiff lienor had satisfied the statutory conditions for subjecting the defendant owner's interest to his lien. The decisive issue here is not whether a valid lien *could* have been filed against the Englemans' interest and enforced against them through a foreclosure proceeding to which they were properly made parties, but it is whether plaintiff made the owners parties to the foreclosure suit within the time permitted by ORS 87.055. *Byrd v. Cooper, supra,* decides that question adversely to plaintiff.

Reversed and remanded with instructions to dismiss the suit as to appellants and to enter a new decree.